Arlette **FINNEY**, Appellant,

v.

**John Marshall FINNEY**, Respondent.

No. 54133.

Missouri Court of Appeals, Eastern District, Southern Division.

Nov. 22, 1988.

Richard G. Steele, Cape Girardeau, for appellant.

John P. Heisserer, Cape Girardeau, for respondent.

CRIST, Judge.

Wife appeals from a dissolution decree objecting to the limitation imposed on the duration of her award of maintenance and the division of the marital property. We affirm as modified.

Husband and wife were married on February 22, 1971, and have one child. The custody of the minor child was awarded to wife, and husband was ordered to pay $200 per month for child support.

Wife first contends the trial court erred in ordering her award of maintenance to terminate after one year. "[A] decision to limit maintenance is justified only where substantial evidence exists of an impending change in the financial conditions of the parties." *Burbes v. Burbes*, 739 S.W.2d 582, 584[3] (Mo.App.1987).

At the time of the dissolution, wife was 40 years old. She had attended high school and two years of college in France and had worked as a secretary prior to the marriage. From the time of the marriage until February of 1987, wife never sought employment outside the home. Since February wife has worked part-time as a sales clerk, and at the time of trial had secured full-time employment at Famous–Barr where she will earn approximately $645 per month in gross income. For several years wife has operated a craft business from which she has earned as much as $3,000; however, wife testified she would be unable to participate fully in the craft business now that she is working full-time. Wife listed her monthly expenses as $831.90.

Husband, at the time of the dissolution, was 41 years old. He is a registered pharmacist and is employed by the Finney Drug Store Corporation, a family-owned business. Husband owns 9.6% of the stock in the business. Husband's salary is $1,578.10 per month in gross income. In addition, he receives a bonus every year which averages $1,500. Husband's salary has remained the same for several years. Husband listed his monthly expenses as $1,322.59.

■ Wife was awarded $100 per month maintenance for a period of one year. She does not dispute the amount of the award but its limited duration. In this case, the court's limitation of the period of maintenance was not warranted because there was no evidence wife's financial prospects would improve significantly in the future or husband's ability to pay maintenance would decrease. *See Burbes*, 739 S.W.2d at 585[5]; *Hefti v. Hefti*, 682 S.W.2d 65, 67[2] (Mo.App.1984). Although there was evidence wife had attended college in France before the marriage, there was no evidence this education would qualify her for a position superior to the job she presently holds. Although wife was employed as a secretary in France before the marriage, there was no showing she retained the skills necessary to secure similar employment in this country within a year after the dissolution, or that such a position would render her self-supporting. Accordingly, the one-year limitation on the maintenance award is removed, and the judgment of the trial court is modified to that extent.

Wife next argues the trial court erred in dividing the marital property in such a way that husband received over 70% of the cash and other income-producing assets. Husband admits receiving the majority of the income-producing assets, but asserts he received 57% and wife received 43% of the valued personal property and adds that wife received most of the unvalued personal property.

■ In dividing marital property, the court's division need not be equal, but must be just. *Petty v. Petty*, 739 S.W.2d 738, 740 (Mo.App.1987). "[T]he trial court is vested with considerable discretion in dividing marital property and an appellate court will interfere only if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion." *Dardick v. Dardick*, 670 S.W.2d 865, 869[5] (Mo. banc 1984).

■ Although husband received more of the income-producing property than wife, we do not find the property division viewed in its entirety to be an abuse of discretion. *See Klenke v. Klenke*, 742 S.W.2d 621, 623[3] (Mo.App.1987) (percentage is not controlling figure to determine abuse of discretion unless figure is considered together with nature and extent of property divided).

The judgment is modified to remove the one-year limitation on the maintenance award and is affirmed as modified.

PUDLOWSKI, C.J., and DOWD, J., concur.