**In re the MARRIAGE OF Delores Eve WALLING and Leigh Francis Walling.**

**Leigh Francis WALLING, Appellant,**

v.

**Delores Eve WALLING, Respondent.**

**No. WD 41359.**

Missouri Court of Appeals, Western District.

Aug. 29, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1989.

Leary G. Skinner, Patricia L. Hughes, Liberty, for appellant.

George A. Pickett, Plattsburg, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Husband appeals from the property division portion of a dissolution decree and from the award of maintenance to the wife.

The parties had been married 17 years at the time of the dissolution. The husband was 41 years of age and the wife at 56 was 15 years his senior. They had been married in California and had lived in California ten years, then had lived in Minnesota four years and at Holt, Missouri, three and one-half years, where they lived at the time of the dissolution of their marriage. Both had been employed for almost the entire term of the marriage.

Husband works for Whittaker Corporation in Ohio. He transferred there from the Whittaker plant in Kansas City, Missouri on March 2, 1987, and the separation of the parties occurred four months later in July, 1987.

Husband's gross earnings from his employment in 1987 were $38,808, plus $5,300 in commissions and signing bonuses paid to him in 1988. His after-tax income at the time of the dissolution hearing was $2,300 per month.

The wife at the time of the dissolution worked for the Kansas City School District as a secretary. Her monthly net take-home pay was $764.84. She testified she suffered from an enlarged heart, rheumatoid arthritis, bad vision and dental problems. She is skilled at ceramics and has a

kiln at her house, but this provides her with no earnings.

The husband had been a heavy drinker throughout the marriage, becoming intoxicated once a week, and had twice been convicted of driving while intoxicated.

Husband complains of the marital property division. Wife was awarded 65% of the marital property and husband was awarded 35% thereof. Wife received tangible personal property valued at $4,485; savings of $14,300; 27 shares of Whittaker stock valued at $653.13; an IRA account of $2,700; one-half the equity in the marital residence valued at $11,000; and an unimproved building lot worth $6,000. The total of the property awarded to wife was $39,-138.13.

Husband received a 1978 Datsun worth $2,000; an IRA account of $2,700; value of retirement fund, $3,500; 27 shares of Whittaker stock worth $653.13; life insurance valued at $832.03; and one-half the equity in the marital residence, valued at $11,000. Husband's total was $20,685.16.

■ The property division was within the discretionary latitude allowed to the trial court. *Dardick v. Dardick*, 670 S.W.2d 865, 869–70 (Mo. banc 1984); *Sandin v. Sandin*, 688 S.W.2d 50, 51 (Mo.App.1985). Marital property need not be equally divided. *Dardick*, 670 S.W.2d at 869; *Finney v. Finney*, 760 S.W.2d 619, 620 (Mo.App. 1988). The court in dividing marital property must take into account "all relevant factors", including:

1. The contribution of each spouse to the acquisition of marital property including the contribution of a spouse as a homemaker.
2. The value of the property set apart to each spouse.
3. The economic circumstances of each spouse at the time the division of property is to become effective ...; and
4. The conduct of the parties during the marriage.

Section 452.330.1, RSMo Supp.1988; *Dardick*, 670 S.W.2d at 869; *Mika v. Mika*, 728 S.W.2d 280, 283–84 (Mo.App.1987).

■ The court's division of property reflects a consideration of all the statutory factors, including most prominently the unequal economic circumstances of the spouses. Wife's age, earning power and state of health place her in a much inferior economic position to that of the husband. Secondarily, husband's marital misconduct tends to support some weighting on the wife's side. Husband in addition to his excessive drinking had engaged in the past in one extramarital romantic affair, and more recently had had some doubtful associations with other women than his wife. We decline to disturb the trial court's division of the marital property.

■ The trial court ordered the payment by the husband to the wife of maintenance of $1,000 per month until wife should remarry or reach the age of 62 years, the award to be modifiable. Husband complains of this award. The court noted that wife's earnings were substantially below her estimated needs of more than $2,000 per month, and that without maintenance she would soon dissipate the marital property which had been awarded to her. The husband's earnings, on the other hand, were sufficient to pay the $1,000 per month and to provide for his own needs which the evidence showed to be less than $1,300 per month. Section 452.335.1, RSMo Supp. 1988; *Whitmore v. Whitmore*, 732 S.W.2d 572 (Mo.App.1987); *Oldfield v. Oldfield*, 688 S.W.2d 778 (Mo.App.1985); *In re Marriage of Runez*, 666 S.W.2d 430, 433 (Mo. App.1983); *In re Marriage of Brewer*, 592 S.W.2d 529 (Mo.App.1979).

We find no error in the judgment of the trial court, either with respect to the division of property or the award of maintenance and we affirm the judgment.

All concur.