Ellis I. SHOOK, Appellant–Respondent,

v.

Mary M. SHOOK, Respondent–Appellant.

Nos. 22390, 22407.

Missouri Court of Appeals,
Southern District,
Division One.

July 21, 1999.

C. Ronald Baird, Mark J. Millsap, Baird, Lightner & Millsap, P.C., Springfield, for appellant-respondent.

John S. Pratt, Susan S. Jensen, Pratt & Fossard, Springfield, for respondent-appellant.

JOHN E. PARRISH, Judge.

Ellis I. Shook (husband) and Mary M. Shook (wife) each appeal parts of a judgment that dissolved their marriage, awarded wife maintenance and divided marital property. Husband's appeal is No. 22390. Wife's appeal is No. 22407. The appeals have been consolidated.

Husband's appeal contends the trial court erred in awarding maintenance to wife. Wife's appeal asserts the trial court erred in the amount of marital property distributed to each party and in failing to award her attorney fees. This court finds that a mathematical error occurred in the trial court's calculation of maintenance, and that the record does not reflect the trial court considered investment income that wife may be expected to receive in ascertaining her needs. The judgment must be reversed as to the amount of maintenance husband is required to pay wife. The case is remanded for the trial court to review its calculation of the amount of maintenance husband must pay and, in its review, to consider investment income wife may reasonably expect to receive. The judgment is affirmed in all other respects.[1]

The parties were married October 29, 1983. This was husband's fourth marriage and wife's third marriage. At the time the trial court entered judgment, husband was 71 years of age. Wife was 54. Husband was awarded marital property valued at $314,507. He was assigned debts of $8,500. Wife received marital property valued at $321,784 and was assigned debts of $140,507.15. Wife was awarded maintenance of $1,880 per month.

### Husband's Appeal

Husband presents one point on appeal. He contends the trial court erred in awarding maintenance to wife; that wife did not establish a need for maintenance as required by § 452.335.[2] He asserts, alternatively, that the amount of maintenance awarded wife was not supported by substantial evidence, that it was excessive.

Trial courts are vested with considerable discretion in ordering maintenance. *Vehlewald v. Vehlewald,* 853 S.W.2d 944, 953 (Mo.App. E.D.1993). We review an award of maintenance only for an abuse of discretion. *Id.*

Section 452.335.1, RSMo 1994, states that a maintenance order is proper when the spouse seeking maintenance:

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

---

1. Wife filed a motion to strike "footnote 2" of husband's second brief and a supplemental legal file husband tendered for filing. The motion was taken with the case. The supplemental legal file was refused. As to it, the motion is moot. Footnote 2 refers to evidence that was not before the trial court. The motion is granted with respect to footnote 2. *See First Nat. Bank of Carrollton v. McClure,* 666 S.W.2d 434, 436 (Mo.App.1983).

2. References to statutes are to RSMo 1994 unless stated otherwise.

(2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

*Gambrel v. Gambrel,* 943 S.W.2d 314, 316 (Mo.App.1997).

Husband and wife presented extensive evidence about their monthly incomes and expenses. The trial court found:

... [wife's] income to be $3,310.00 per month gross, based upon the most current and accurate figure presented ... for a 10–month period in 1997, she grossed $33,102.00. The Court would deduct 30% for State and Local [sic] taxes, which would net the [wife] each month of [sic] $2,317.00. The Court finds that the [wife's] reasonable needs per month total $4,143.00 per month leaving a monthly shortfall of $1,880.00 per month. (see [sic] Exhibit "E").

Exhibit "E" is an itemization of "RESPONDENT'S [i.e., wife's] REASONABLE MONTHLY EXPENSES." Although the trial court's findings recite her needs to be $4,143 per month, the total stated on Exhibit "E" is $4,197. The following statements appear at the bottom of Exhibit "E":

[Wife's] monthly income calculated at $3,310 per month-based [sic] on $33,102 in October 1997 for 10 months less 30% State and Local [sic] taxes.

*Her total $2,317 net income per month*

Apparently the trial court's calculation of wife's reasonable needs is based on monthly expenses of $4,197 as itemized on Exhibit "E" rather than $4,143 as stated in its written findings. The trial court's calculation of wife's "net income per month" was:

| Income for 10 months in 1997 | $33,102 |
| | ÷ 10 |
| Monthly income | $ 3,310 |
| Less 30% | 993 |

| Net income per month | $ 2,317 |

■ The difference between wife's reasonable needs, as found by the trial court, and the net income per month ($4,197-$2,317) is $1,880, the amount of maintenance awarded wife. Based on the trial court's calculation, wife lacked sufficient property to provide for her needs and was unable to support herself through appropriate employment. The trial court did not abuse its discretion in determining wife was entitled to maintenance.

■ Husband argues that the trial court's determination of the amount required for wife's reasonable needs was excessive. He contends the monthly amounts allowed for credit card expense ($900), food expense ($600), personal expense ($200), and dues expense ($100) were excessive.

Husband's arguments are directed to testimony elicited at trial. He argues that the credit card expense allowances included living expenses for which other provisions were made. He says the award is duplicative; that wife has been permitted to recover for certain items twice. He argues that a more reasonable and appropriate allowance for credit card expense would be $400 per month.

Wife testified that the credit card expense included charges for past living expenses that had been incurred after she and husband separated. She told the trial court that many of the expenses resulted from when she was recuperating from an injury to her ankle; that she had been unable to prepare meals or wear clothes she previously had worn because of her condition. She incurred additional expenses that were charged to credit cards because of those circumstances.

■ A trial court has broad discretion in applying factors on which the amount of maintenance is based. *Schroeder v. Schroeder,* 924 S.W.2d 22, 26 (Mo.App. 1996). It determines the witnesses' credibility and evaluates the merits of each party's expense claims. *Id.* It balances the

reasonable needs of the spouse seeking maintenance with the other spouse's ability to pay. *Id.* The evidence in this case supports the trial court's finding that wife continued to make monthly payments for past living expenses. Those payments were in addition to current monthly living costs. Further, husband's suggestion of a more appropriate amount for credit card expense lacks evidentiary support. No explanation is given as to how the amount he proposed was calculated.

Husband's complaint that the trial court should have used a lesser amount in calculating wife's monthly food needs is, likewise, not supported by references to evidence adduced at trial. The record on appeal does not demonstrate that the trial court abused its discretion in allocating $600 for wife's monthly food expense.

█ The same is true with respect to the allocation of $200 per month for personal expenses and $100 per month for dues expenses. There was evidence on which the trial court could include those amounts in its calculation of wife's reasonable needs. Both parties' arguments presume the dues expense was based on dues at Highland Springs Country Club. Wife testified that she used the membership at Highland Springs County Club during the marriage and continued to use it during the separation. Although a maintenance award is not required to be an amount that permits a spouse to maintain the same standard of living enjoyed prior to dissolution of the marriage, *Holland v. Holland,* 865 S.W.2d 867, 870 (Mo.App.1993), the standard of living enjoyed during the marriage is a statutory factor the trial court is to consider in awarding maintenance. *See* § 452.335.2(4). *In re Marriage of Tappan,* 856 S.W.2d 362, 366 (Mo.App.1993), suggests it may be "the best evidence of what the parties have together determined their 'reasonable needs' to be." This court finds no abuse of discretion by the trial

court including the amounts of $200 per month for personal expenses and $100 per month for dues in its calculation of wife's reasonable expenses.

In determining if wife could meet her reasonable needs through property ownership and employment, the trial court based its calculation of wife's earnings from employment on gross earnings for a 10–month period in 1997. The earnings used in making that calculation, however, were for a nine-month period, January 1997 through September 1997. Using the method employed by the trial court, the corrected calculation of wife's net income per month would be:

| | |
|---|---|
| Income for 9 months in 1997 | $33,102 |
| | ÷9 |
| Monthly income | $ 3,678 |
| Less 30% | 1,103 |
| Net income per month | $ 2,575 |

Using the corrected calculation of income, the difference between wife's reasonable needs, as found by the trial court, and the income it would attribute to her ($4,197-$2,575) is $1,622. Because of the trial court's mathematical error, the record does not support the amount of maintenance it awarded. Husband's point on appeal is well taken in that regard.

█ Husband also contends that the trial court failed to consider the income-producing capabilities of liquid assets distributed to wife as part of her share of marital property. He points to IRA accounts and a certificate of deposit with a total value of $88,997.[3] The written findings and judgment of the trial court make no reference to income from these sources in determining wife's income-producing capability. A trial court is required to consider investment income a spouse may expect to receive from property received as part of the marital property distribution in awarding maintenance. *In re Marriage of*

3. The assets referred to and the value attributed to each are IRA Smith Barney, $3,223; North American Security IRA, $43,888; IRA

Brokerage, $7,275; IRA Sinclair Financial, $12,392; and CD 0242250236, $22,219.

*Johnson,* 856 S.W.2d 921, 927 (Mo.App. 1993). *See also In re Marriage of Tappan,* 856 S.W.2d at 367.

■ The judgment must be reversed as to the amount of maintenance to be paid by husband. The case is remanded with directions that the trial court calculate the maintenance to be awarded wife in a manner consistent with this opinion. In determining the amount of maintenance wife is to receive, the trial court should also be mindful that a spouse is not required to deplete marital property in order to qualify for maintenance. *Leslie v. Leslie,* 827 S.W.2d 180, 183 (Mo. banc 1992); *Bakula v. Bakula,* 926 S.W.2d 65, 66 (Mo.App. 1996); *Butler v. Butler,* 870 S.W.2d 953, 955 (Mo.App.1994). At the same time, maintenance is not to be awarded for purposes of building an estate or accumulation of capital. *Brooks v. Brooks,* 957 S.W.2d 783, 793 (Mo.App.1997); *Nelson v. Nelson,* 937 S.W.2d 753, 756 (Mo.App.1997).

### Wife's Appeal

Wife claims the trial court erred in its division of marital property. She argues that considering the debts each party has responsibility to pay, there is no rational basis for the division of property that was ordered.

■ Husband was awarded marital property valued at $314,507. He was directed to pay a $8,500 debt. Wife was awarded marital property valued at $321,-784. She was directed to pay debts totaling $140,507.15.

The trial court's order dividing marital property states the division of property was not intended to be equal. It concluded that the division was equitable considering "the circumstances and the conduct of the parties." The division of marital property, considering the debts each party was ordered to pay, was approximately 63% to husband and 37% to wife. When the parties married, husband was 56 years old. Wife was 40. When the judgment dissolving the marriage was entered, husband was 71 years old and wife was 54. Wife was employed with annual earnings in excess of $50,000. Although wife had undergone cancer surgery and treatment, evidence at trial was that she was in good health and capable of working.

■ Distribution of marital property is within the sound discretion of the trial court. *In re Marriage of Jennings,* 910 S.W.2d 760, 765 (Mo.App.1995). It need not be divided equally. *In re Marriage of Walling,* 777 S.W.2d 643, 644 (Mo. App.1989). Appellate courts will not interfere with a trial court's distribution of marital property absent an abuse of discretion. *In re Marriage of Jennings, supra.*

The debt wife was directed to pay included a $13,067.16 credit card debt and a debt owed to General Motors Acceptance Corporation for wife's automobile. However, the trial court considered these debts in determining wife's reasonable needs for purposes of awarding maintenance. The funds provided wife as maintenance, therefore, bear on the fairness of the distribution of marital property.

Wife received the marital home. The remaining debt she was directed to pay was debt owed on the home. The trial court valued the home at $183,000. The encumbrance on the residence was $111,-882.78. The trial court included monthly mortgage payments of $943 in wife's reasonable needs for purposes of calculating the maintenance she was to receive. On remand, the trial court should continue to consider wife's credit card debt and monthly mortgage payment in calculating the amount of maintenance she should receive.

■ Section 452.330.1, RSMo Supp. 1997, requires the trial court to consider "all relevant factors" in distributing marital property. The economic circumstance of the parties is a relevant factor. *Id. See In re Marriage of Walling, supra.* The earning capacity of wife, as well as her age and the effect husband's age could reason-

ably be expected to have on his earning capacity, were factors the trial court was entitled to consider. The trial court concluded the distribution of marital property it made was equitable. "A just division is not necessarily an equal one." *Woolsey v. Woolsey,* 904 S.W.2d 95, 100 (Mo.App. 1995). "Awarding one party a considerably higher percentage of the marital property than the other party is not *per se* an abuse of discretion." *In re Marriage of Betz,* 880 S.W.2d 618, 623 (Mo.App.1994). This court finds no abuse of discretion by the trial court in its award of marital property under the facts in this case.

 Wife's second allegation of error is directed to the trial court's refusal to award attorney fees. She contends the trial court erred in denying her request to have husband pay her attorney fees. A trial court is vested with broad discretion in awarding attorney fees. *McGehee v. McGehee,* 943 S.W.2d 364, 372 (Mo.App. 1997). That determination will be reversed on appeal only for an abuse of discretion. *Id.*

 The general rule in Missouri is that each party bears responsibility for paying his or her attorney fees. *Darr v. Darr,* 950 S.W.2d 867, 872 (Mo.App.1997). Section 452.355.1 provides, however:

> The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party ... for attorney's fees.... The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

The judgment indicates that wife's attorney fees totaled $17,220. Wife's award of marital property included a certificate of deposit valued at $22,219. The judgment, after stating that each party was to pay his or her own attorney fees, states that wife's

attorney was "awarded [j]udgment for $17,220" from proceeds of the certificate of deposit.[4] The trial court's denial of wife's request for husband to pay her attorney fees was not an abuse of discretion. However, the vehicle by which the trial court proposed payment of those fees was unusual. It is not one this court would encourage. Wife's second point on appeal is denied.

### Disposition of Appeals

The amount of maintenance awarded wife is reversed. In all other respects the judgment is affirmed. The case is remanded. The trial court is directed to determine the amount of maintenance required to meet wife's reasonable needs and enter judgment accordingly. Whether additional evidence is required is left to the sound discretion of the trial court. Costs of the consolidated appeals shall be divided equally between the parties.

PREWITT, P.J., and CROW, J., concur.

---

4. The validity of the designation of a particular source of funds for payment of attorney fees is not an issue in this appeal. This opinion need not, and does not, address its validity.