In re the MARRIAGE OF Edward
J. BUCHHOLZ and Barbara
Buchholz.

Edward J. Buchholz,
Petitioner/Appellant/Cross–Respondent,

v.

Barbara Buchholz,
Respondent/Respondent/Cross–
Appellant.

Nos. ED 83405, ED 83520, ED 83701.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 27, 2004.

Affirmed in part; reversed in part and remanded.

Susan M. Hais, Craig G. Kallen, Hais Group, P.C., Clayton, MO, for appellant.

Sanford J. Boxerman, Daniel R. Sokol, Capes, Sokol, Goodman & Sarachan, P.C., St. Louis, MO, for respondent.

Before GLENN A. NORTON, P.J., KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J.

PER CURIAM.

Husband and wife filed separate appeals from a decree of dissolution of marriage. We have consolidated the three appeals.

Edward Buchholz and Barbara Buchholz were married on October 21, 1971. Two children were born of the marriage, Joanna, born on January 14, 1982, and Lucy, born on April 25, 1984. Husband filed his petition for dissolution of marriage on June 22, 2001. Wife answered and cross-petitioned for dissolution. On June 16, 2003, following a three-day trial, the trial court entered its Findings of Fact, Conclusions of Law and Family Court Judgment/Decree of Dissolution of Marriage.

Husband filed an after-trial motion to amend the judgment and wife filed an after-trial motion to amend the judgment or for a new trial. The trial court heard both motions on July 15, 2003. On August 19, 2003, the trial court entered an amended judgment that, as relevant to this appeal, added a $32,000 mandatory contribution to the value of the 401(k) awarded to husband and awarded to wife $19,200 of that amount as her interest in husband's 401(k) account.

Over thirty days after entry of the amended judgment, on September 23, 2003, the trial court entered a judgment nunc pro tunc to correct a clerical error in the June 19 judgment to reflect that the equity in the marital home should be divid-

ed sixty percent to wife and forty percent to husband.

On appeal husband challenges 1) the trial court's orders requiring him to pay college expenses and child support, 2) the amount of maintenance, and 3) the inclusion in marital property the value of a) sums deposited after trial in husband's 401(k) plan and b) a portion of the sums he withdrew from his retirement accounts before trial. He also challenges the trial court's entry of an order nunc pro tunc after he filed his first notice of appeal. Wife has filed a motion to dismiss the appeal for lack of jurisdiction. Wife challenges the terms of the order to refinance or sell the marital home and the trial court's failure to impute to husband all retirement funds withdrawn before trial. We deny the motion to dismiss. We reverse and remand that part of the judgment that contains the maintenance award and reverse and remand the child support award to be recalculated using the new maintenance award. We affirm the remainder of the judgment pursuant to Rule 84.16(b).

## DISCUSSION

■ Husband contends that the trial court abused its discretion in awarding wife $8,000 in monthly maintenance because this amount, when added to wife's gross employment income and gifts, exceeds her reasonable needs of $8,400 per month by $2,933 per month. Wife responds that she would incur a tax liability of $3,150 per month on her maintenance and business income, if she were taxed at a thirty percent rate. As a result, she argues, the maintenance award is $217 less than her reasonable expenses. Husband replies that wife's tax expert testified to an after-tax income that would exceed her expenses by $1,581 per month and that no precedent supported application of a thirty percent tax rate.

■ We review maintenance awards only for an abuse of discretion. *Muenz v. Muenz*, 99 S.W.3d 4, 7 (Mo.App.2002). We will not interfere with the award of maintenance unless the amount of maintenance is patently unwarranted or is wholly beyond the means of the spouse ordered to pay. *Id.*

Wife is a freelance writer. Wife's vocational expert testified that she could earn $30,000–$40,000 annually as a writer. Wife also received an annual tax free gift of $10,000 from her mother. Wife's tax expert concluded that wife would pay $24,797 in taxes annually, or $2066.41 per month, on a maintenance award of $8000 and gross income of $30,000.

The trial court imputed to wife a gross annual income after business expenses of $30,000 as a freelance writer, and found that she received an annual $10,000 gift from her mother with sufficient regularity that it would be imputed as income. The trial court awarded wife the sum of $8000 per month for statutory maintenance. The trial court found that wife's reasonable monthly needs were approximately $8400.

Based on these determinations, wife's monthly income is $2500 from freelance writing, $833 from the non-taxable gift, and $8,000 from maintenance, for a total of $11,333. After the monthly tax payment of $2,066.41 on the taxable portion of her income is deducted, wife's monthly net income is $9,266.59. This figure exceeds wife's reasonable needs by $866.59.

Wife argues that a thirty percent tax rate should be applied to her taxable income which would reduce her monthly after-tax income to $8,183, citing *Shook v. Shook*, 997 S.W.2d 103, 106–107 (Mo.App. 1999) (overruled on other grounds by *Hill v. Hill*, 53 S.W.3d 114, 116 (Mo. banc

2001)). In *Shook*, the wife had submitted an exhibit supporting the use of a thirty percent tax rate, and the trial court had used that tax rate to reduce wife's income. However, in this case no evidence was adduced to support a thirty percent tax rate, and wife's own expert testified to a different tax liability. *See In re Marriage of Tappan*, 856 S.W.2d 362, 367 (Mo.App. 1993), in which the court used the tax amount calculated by an accountant.

The $8000 monthly maintenance award, when combined with wife's income, exceeds wife's reasonable needs by $866.59. The trial court abused its discretion in awarding more maintenance than the evidence supports. *In re Marriage of Hoffman*, 996 S.W.2d 797, 800–01 (Mo.App. 1999); *Tappan*, 856 S.W.2d at 367. This point is granted.

With respect to father's remaining points on appeal and mother's points on cross-appeal, the trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). No jurisprudential purpose would be served by a written opinion discussing these points. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

*Conclusion*

The motion to dismiss the appeal is denied. The maintenance award is reversed and remanded with directions to reduce the maintenance award by $866.59. Because the reduction of maintenance necessarily affects the lines 1a and 2b of Form 14 and the resulting calculations, the child support award is reversed and remanded for recalculation using the new maintenance award. In all other respects the judgment is affirmed in accordance with Rule 84.16(b).