**Tina D. KNIGGE, Respondent,**

v.

**Robert David KNIGGE, Appellant.**

### No. 66164.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 27, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1995.

Andrew H. Koor, Suddarth & Koor, O'Fallon, for appellant.

Michael A. Turken, Cundiff Turken and Londoff, St. Charles, for respondent.

SMITH, Presiding Judge.

Husband appeals from portions of the trial court's decree in this dissolution of marriage case. We affirm and remand for clarification of one portion of the decree.

The parties separated after approximately six years of marriage. Husband challenges the award of permanent maintenance to the wife rather than an award of rehabilitative maintenance. There is no evidence to support an award of rehabilitative maintenance. Such maintenance is awarded where substantial evidence demonstrates an impending change in the financial condition of the parties. *Smith v. Smith,* 840 S.W.2d 276 (Mo.App.1992)[1, 2]. That may occur, for instance, where one spouse is pursuing additional training or education which will markedly change that person's earning capacity, and a known time frame exists for completion of that training or education. The record here does not reveal any potential change in the financial condition of the parties within any reasonable time frame. Wife is earning more than she has ever previously earned, she is not in training for any higher paying position and her level of pay is completely inadequate to meet her reasonable expenses. There was no error in awarding permanent maintenance.

The main issue on appeal concerns the distribution of marital property and more specifically the valuation of husband's closely held corporation, Roof Consultant Services Inc. The court valued the business at $196,000. Expert testimony supported that valuation and the expert included in his valuation some value for good-will. Relying solely upon *Hanson v. Hanson,* 738 S.W.2d 429 (Mo. banc 1987) and its progeny husband contends that there was no evidence to support the good-will value. *Hanson* established that where a spouse's business is adjudged to be a professional practice or highly skilled personal service business, special rules apply concerning when and how a value for good-will may be included in the valuation of the business. For purposes of our decision we will accept husband's contention that the evidence adduced was insufficient to satisfy the rules enunciated in *Hanson* for determining good-will value of Roof Consultant Services.

*Hanson* applies only to a limited type of business, not to every closely held corporation. No case has definitively established what tests are to be applied to determine

whether a business is a professional practice or highly skilled personal service business. Dental, chiropractic, accounting, and veterinary practices, a real estate brokerage, a custom tailor business, and an art studio have been held to be professional practices or businesses involving highly skilled personal services. *Hanson, supra; Theilen v. Theilen,* 847 S.W.2d 116 (Mo.App.1992); *In re Marriage of Parker,* 762 S.W.2d 506 (Mo. App.1988); *Gerard v. Gerard,* 825 S.W.2d 21 (Mo.App.1992); *Cohn v. Cohn,* 841 S.W.2d 782 (Mo.App.1992); *Wilson v. Wilson,* 822 S.W.2d 917 (Mo.App.1991); *Ikonomou v. Ikonomou,* 776 S.W.2d 868 (Mo.App.1989); *Hogan v. Hogan,* 796 S.W.2d 400 (Mo.App. 1990). A machine shop has been held not to be such a business. *In re Marriage of Brooks,* 742 S.W.2d 585 (Mo.App.1987). Generally, a professional practice or business involving highly skilled personal services subject to the *Hanson* rule is a business where the personal reputation of the spouse and the service provided by the spouse are the reason why clients of the business return to and recommend the business, rather than the reputation of the business as an entity. *Hanson, supra* at [5]. Inevitably each case must be decided on its facts and precedent is of little value other than in setting the general guidelines.

◼ It is true, as husband contends, that he was a key employee in the business and that wife recognized that the business was worth more with him running it. But we do not find that evidence alone sufficient to fit the business within the *Hanson* rule. Roof Consultant Services' business was described by husband as follows:

I provide unbias expertise. I'm a professional roof consult and prepare reports evaluating roofs. We prepare specifications and contract documents for competitive bidding. We evaluate failures for resolving litigation issues, expert testimony, we survey situations for perspective [sic] buyers and a few other things.

The business has seven employees. Five of them do testing of roofs, three testify in court and all of them prepare reports. Husband has an associate of science degree in pre-engineering and one year of engineering curriculum at the University of Minnesota. There was no evidence of the background of the other employees. Compared to the businesses which the Missouri courts have held to be bound by the *Hanson* rule we cannot conclude that the evidence establishes that the business involved here is "a professional practice or a business involving highly skilled personal service". The evidence did not establish that clients utilized Roof Consultants because of husband's reputation rather than because of the reputation of the business as an entity. The restrictions on good-will valuation set forth in *Hanson* do not apply. Husband has not challenged the valuation of the business other than on the basis of *Hanson.* The valuation is supported by expert testimony and by the retained earnings of the corporation. We find no error in the trial court's valuation of Roof Consultant Services.

◼ Husband also challenges one portion of the decree as vague, ambiguous and unenforceable. We agree. That portion of the decree provides:

IT IS THEREFORE ORDERED AND ADJUDGED that Respondent shall pay to Petitioner the sum of $108,500 in order to equalize the division of said assets within ___ day of the entry of this Decree of Dissolution. This Court has considered the assets awarded to Petitioner in determining the amount of maintenance awarded to her. It is the Court's belief that in the event said sums were not paid to her that she would be in need of additional maintenance in the sum of $800 per month. Said $800 per month maintenance award shall be non-modifiable by either party.

The failure to fill in the time at which the lump sum is to be paid makes the decree indefinite and essentially unenforceable. More seriously the decree does not delineate the purpose of the increased "maintenance" award or the circumstances under which it terminates. It is possible that the $800 is a monthly payment option for the lump sum payment and as such would terminate when the total payments equal the lump sum amount. It is also possible that the "maintenance" is interest on the lump-sum award to replace income the wife would lose by not

receiving the lump sum. The amount approximates statutory interest on $108,500. There is possibly some other purpose. The award should specify what the purpose of the additional "maintenance" award is and what its effect is. If it is intended as interest then the decree should specify what occurs in the event of partial payment of the lump sum by the husband. We are confident the court did not intend the award to be a punishment of husband for failure to immediately pay the entire amount of the lump sum award. We remand for clarification of that portion of the decree.

Judgment affirmed and cause remanded for clarification of the portion of the decree set forth above.

PUDLOWSKI and WHITE, JJ., concur.