Lucinda D. DeARRIBA,
Petitioner/Respondent,

v.

Mark S. DeARRIBA,
Respondent/Appellant.

No. ED 80734.

Missouri Court of Appeals,
Eastern District,
Division One.

March 18, 2003.

Prudence Fink Johnson, Union, MO, for appellant.

Daniel E. Leslie, Union, MO, for respondent.

MARY K. HOFF, Judge.

Mark S. DeArriba (Father) appeals from that portion of the trial court's Judgment for Modification which ordered Father to pay Lucinda D. DeArriba (Mother) the sum of $1,409 per month for support for the parties' minor child (Daughter). We affirm in part and reverse and remand in part.

The parties' marriage was dissolved on June 22, 1993. Two children were born of the marriage, Daughter, and a son who is now emancipated. As pertinent to this appeal, the Decree of Dissolution: Property Settlement and Joint Custody Plan (Decree), awarded the parties joint legal custody and Mother primary physical custody of the parties' minor children, ordered Father to pay Mother $618 per month for support for the children, and provided that Father would pay one-half of the actual cost of Daughter's post-secondary education—subject to the limitation that Father's maximum share would be one-half of the cost for attendance at the University of Missouri at Columbia.

On January 26, 1998, the Decree was modified. This first Judgment for Modification (the 1998 Modification) found that the circumstances of the parties had changed in a substantial and continuing manner in that the parties' son physically resided with Father, not Mother. Accordingly, the 1998 Modification reduced Father's support obligation to $175 per month for support for Daughter only.

On February 13, 2001, Mother filed a motion to modify, alleging in relevant part, that since the date of the Decree, the circumstances of the parties had changed in a substantial manner making the enforcement of the Decree with respect to child support unreasonable and necessitating modification, in that (1) the application of the child support guidelines would result in a change of child support from the existing amount by more than twenty percent (20%); (2) Mother's cost of living had increased disproportionately to her income, making it difficult for her to meet the support demands of Daughter; (3) Daughter's expenses had increased substantially since the Decree; (4) Father's income had increased substantially; and (5) Mother's income had decreased significantly.

The cause was called for trial on June 13, 2001. Mother appeared, represented by counsel, and Father appeared pro se. At the hearing, Mother testified as follows. Daughter graduated from high school on May 24, 2001. Daughter planned to attend Southern Illinois University at Edwardsville (SIU) in Fall 2001, and had been accepted there. In January 2000, Mother's salary as a human resources director was $40,000 annually; however, Mother had experienced a significant change in her income during the previous year because her employer had gone out of business. Mother was working in real estate at the time of the hearing, but had not earned "a lot" of income in that field.

Mother further testified that Daughter's average monthly expenses, which included health insurance, dental insurance, car insurance, car repairs and maintenance, gas, school expenses, personal items, haircuts, cell phone, internet, cable, food, and dance, totaled $1,696.85. According to Mother, the cost for Daughter to attend college at SIU would be $1,270.12 monthly. A summary of Daughter's monthly expenses prepared by Mother and consistent with her testimony was received into evidence.

When Mother's counsel asked if Mother had checked into the yearly cost for attendance at the University of Missouri at Columbia, Mother stated that she did not know exactly what the cost was. When counsel asked if the figure $11,000 re-

freshed her memory, Mother replied, "It sounds reasonable. Yes." Counsel later stated, "All right. And that on a monthly basis, comes up to about $917 a month. And half of that would be $459 per month." Mother responded, "Right."

Father also testified at the hearing. According to Father, he was a self-employed carpenter who remodeled homes. Depending on the job, he would charge somewhere between $25.00 to $30.00 an hour for his labor. He further testified that during the summer, he would work approximately 40 to 50 hours weekly. In the winter, he would often work 20 hours or less; in the spring and fall, he would work between 20 to 40 hours weekly. After hearing this testimony, the court calculated Father's gross income by multiplying $27.50 by 1600 hours. The court then stated, "... And that's $44,000. Do you think you made that much last year? Gross?" Father replied, "Gross. Yes, sir." The court then said, "Okay. 44,000 divided by 12, that's $3,666.66." Although Father indicated that he had his tax returns with him at the hearing, the returns were never offered into evidence.

At the close of the hearing, the court read aloud figures from a Form 14 prepared by Mother, which attributed gross income to Mother in the amount of $1,000 monthly, and gross income to Father at $4,333 monthly. The form indicated that health insurance for Daughter cost $120 monthly, and that Daughter's other extraordinary costs, detailed as college expenses, totaled $917 monthly. After the court read this proposed form to Father and told him that, according to the form, Father would owe $1,407 a month for child support, Father replied, "It's not going to be anywhere close to that." Although marked as "Petitioner's Exhibit 3," this form was never formally offered as an

exhibit during the hearing, but was received by the court on September 21, 2001.

In its September 25, 2001 Judgment for Modification (2001 Modification), the trial court found that since the 1998 Modification, the parties' circumstances had changed in that Daughter was currently attending college and Mother had been terminated from her prior place of employment. As relevant, the trial court ordered Father to pay Mother $1409 per month for child support for Daughter, commencing June 1, 2001.

On October 22, 2001, Father, through counsel, filed a Motion for New Trial, to Reopen the Evidence and Correct the Judgment. With his motion, Father submitted a proposed Form 14 and his tax returns for the years 1998 through 2000. Father's proposed Form 14 attributed $1,000 monthly gross income to Mother, and $1,134 monthly gross income to Father. It did not factor in any health insurance or other extraordinary costs, and indicated that Father's presumed child support amount would be $211 monthly. This motion was argued on November 14, 2001, and taken under advisement. The trial court failed to rule on the motion within 90 days; thus, it was deemed denied. This appeal follows.

■ Our review of the judgment of the trial court modifying a decree of dissolution regarding child support is limited to determining whether the judgment is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Gal v. Gal*, 937 S.W.2d 391, 392 (Mo.App. E.D.1997). We view the evidence favorably to the decree and disregard contrary evidence. *Id.*

Father raises ten points on appeal. For the purposes of brevity and clarity, we will consider them out of order, grouping them as necessary for our discussion. In his

third, fourth and fifth points on appeal, Father claims the trial court erred in modifying the child support award because (1) Mother failed in her pleading to aver a change in circumstances since the 1998 Modification, rather than since the original Decree; (2) the interval since the 1998 Modification was too brief; (3) Daughter's proposed entrance to college was not an extraordinary circumstance as it was contemplated in the Decree; and (4) the additional costs for college expenses were not sought by Mother in her pleading and Father was unfairly surprised by this issue at the hearing. These contentions are without merit.

■ Supreme Court Rule 55.33 provides that if issues not raised by the pleading are tried by express or implied consent of the parties, they are treated in all respects as if they had been raised in the pleadings. During the hearing, Father failed to object to evidence of a change in circumstances since the 1998 Modification, or to evidence of Daughter's college expenses being received by the court on the basis that Mother had not specifically requested support for such expenses in her pleading, thus these issues were tried by implied consent. Consequently, Father's complaint regarding their admission is not preserved for appellate review. *Leahy v. Leahy*, 858 S.W.2d 221, 225–26 (Mo. banc 1993); *see also Buckman v. Buckman*, 857 S.W.2d 313, 319 (Mo.App. E.D.1993) (technical rules as to pleadings should not prevent decision on merits where welfare of minor child is at stake).

■ Furthermore, among other things, Mother's pleading alleged that the circumstances of the parties had changed in a substantial manner necessitating modification of the child support award in that Daughter's expenses had increased substantially, Father's income had increased substantially, and Mother's income had de-creased significantly. Increased expenses of a child, caused by additional educational and accompanying expenses, combined with a substantial increase in a parent's income, constitute sufficient changes for a trial court to modify an existing child support order. *Weber v. Weber*, 804 S.W.2d 756, 758 (Mo.App. E.D.1990). Points three, four, and five are denied.

■ Father's second and eighth points contend the trial court erred by ignoring the language of the original Decree, adopted from *Echele v. Echele*, 782 S.W.2d 430, 437 (Mo.App. E.D.1989), which provided that Father would pay one-half of Daughter's actual college costs, and by not specifically ordering that the *Echele* agreement in the Decree be deleted. Father argues that this alleged oversight effectively obligates him to pay Daughter's college housing and meal costs twice. Father's second and eighth points have merit.

■ The expenses of attending college can render an existing child support award unreasonable. *See Gordon v. Gordon*, 924 S.W.2d 529, 535–36 (Mo.App. W.D.1996). "College expenses are properly considered as bearing upon the amount of child support." *Weber*, 804 S.W.2d at 758. Significantly, however, the original Decree here contained a support provision pertaining to educational expenses which was sufficiently definite and certain as to be enforceable. *See Morgan v. Ackerman*, 964 S.W.2d 865, 871 (Mo.App. E.D.1998) (support provision is sufficiently definite in amount if the provision contains criteria from which court could, upon hearing, ministerially determine parties' obligations). Thus, the trial court should have considered the Decree language which provided that Father would pay one-half of Daughter's actual costs in attending college.

■ Moreover, where, as here, a parent is obligated under an agreement to pay the

costs of a child's education, the trial court should consider this obligation when determining child support award in order to avoid a redundancy for the child's living expenses during her attendance at college. *See Bogusky v. Bogusky,* 710 S.W.2d 445, 446–47 (Mo.App. E.D.1986) (where father was obligated under agreement to pay costs of child's education, court would need to decrease child support award when child began college in order to avoid requiring father to pay twice for child's support). Father's second and eighth points are well taken.

Father's sixth, seventh, and ninth points also attack the trial court's child support award in connection with Daughter's anticipated college expenses. In these points, Father argues (1) the trial court erred in stating that Daughter was attending college as of the date of the 2001 Modification; (2) the trial court erred in modifying the support award because it did not have sufficient, competent evidence of the actual cost for Daughter to attend her proposed college; and (3) insufficient evidence supported the court's commencement date for the support award. We agree.

 Although an award of college costs may be made contingent on future entry into school, it must be based on specific evidence of those costs. *Douglas–Hill v. Hill,* 1 S.W.3d 613, 620 (Mo.App. W.D.1999). The Comment for Use to Form 14 relevant to the award of other extraordinary child-rearing costs provides, in pertinent part:

Post-secondary educational expenses ... are not included in the schedule of basic child support obligations; therefore, these expenses may be included in Form No. 14 as an "other extraordinary child-rearing cost" if the parents agree or the court orders that the parents contribute to payment of these expenses.

\* \* \*

An order may include the cost of tuition, room and board, fees and other reasonable and necessary expenses. In determining the amount of these expenses, scholarships, grants, stipends and other cost-reducing programs available to the child should be considered.

This Court has interpreted this language instructing the trial court to consider "scholarships, grants, stipends and other cost-reducing programs available to the child" to require court orders for payment of post-secondary expenses to be based on the actual out-of-pocket cost to the student, not on stated tuition charges. *Anderson v. Aronberg,* 927 S.W.2d 931, 934 (Mo.App. E.D.1996). Here, Mother merely stated that the cost for Daughter to attend college at SIU would be $1,270.12 monthly. There is no support in the record as to the stated tuition charges for SIU, much less any evidence of what cost-reducing programs would be available to Daughter. Based on the sparse information in the record, it was an abuse of discretion for the trial court to adopt the amount indicated on Mother's Form 14 as Daughter's college expenses, and to award that amount to commence June 13, 2001, when Mother failed to present evidence of when Daughter would begin college, or even that she had actually enrolled at SIU.

Finally, in his first point on appeal, Father argues the trial court erroneously found, for the purposes of Form 14, that Father's gross income was $4,333 monthly because the court failed to consider the ordinary and necessary business expenses Father incurred in self-employment. We agree.

Form 14 is the calculation worksheet for computing the presumed child support obligation. Line 1 of that form lists gross income. The directions for completing line 1 provides: "If a parent ... is self-employed ..., 'gross income' is gross receipts minus the ordinary and necessary ex-

penses incurred to produce such receipts. Depreciation, investment tax credits and other noncash reductions of gross receipts may be excluded from such ordinary and necessary expenses." Paragraph I. Comment provides:

Self–Employment: Gross income from an unincorporated business is the net profit or net loss on the schedules filed as part of the parent's federal income tax return. However, expense reimbursements or in kind payments by the business to pay for expenses of the parent that are personal in nature and not business related may be income to the parent; therefore, 'gross income' of the parent for purposes of computing the presumed child support amount may differ from the net profit or net loss of the business for income tax purposes.

 When determining a child support obligation, the application of Supreme Court Rule 88.01 and Form 14 is mandatory; the trial court must calculate the gross income of a self-employed parent as directed by this rule and form. *In re Marriage of Harvey,* 48 S.W.3d 674, 677 (Mo.App. E.D.2001). Failure to make findings regarding the ordinary and necessary business expenses in arriving at a figure for gross income is error necessitating remand in order to properly determine income for purposes of Form 14. *Douglas–Hill,* 1 S.W.3d at 617; *Spradling v. Spradling,* 959 S.W.2d 908, 913–14 (Mo.App. S.D. 1998).

 Here, it is obvious that the trial court accepted the figures contained in Mother's proposed Form 14, which was never formally admitted into evidence during the hearing. Moreover, no support exists in the record for the $4,333 attributed to Father. At best, the evidence adduced at trial showed only that Father received approximately $44,000 in gross receipts the year prior to the hearing. The trial court failed to consider Father's

ordinary and necessary expenses in determining Father's gross income. For this reason, Father's first point is granted.

Accordingly, we reverse the trial court's judgment on child support. Upon remand, the trial court should conduct a hearing to verify Daughter's college attendance, and to determine the parties' obligations as to college expenses consistent with the principles stated herein. Additionally, the trial court should properly determine Father's income in accordance with Supreme Court Rule 88.01 and Form 14, and enter a new child support order which does not include a redundancy for Daughter's living expenses during her attendance at college. *See Gordon,* 924 S.W.2d at 536.

In light of our disposition of the above points, we need not address Father's remaining point on appeal.

The judgment of the trial court is affirmed in part and reversed and remanded in part consistent with this opinion.

ROBERT G. DOWD, JR., P.J. and GEORGE W. DRAPER III, J.: CONCUR.