**Carla Jo COSTELLO,**
**Petitioner/Respondent,**

v.

**Armand Gregory MIRANDA,**
**Respondent/Appellant.**

**No. ED 82617.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

June 29, 2004.

Francis J. Murphy, III, St. Louis, MO, for appellant.

John M. Williams, Park Hills, MO, for respondent.

MARY K. HOFF, Judge.

Armand Gregory Miranda (Father) appeals from that part of the trial court's Judgment and Decree of Modification modifying the parties' dissolution decree to increase Father's child support obligation for his minor son (Son) to the sum of $1,489 per month. We affirm in part, reverse in part, and remand with instructions.

The parties' knowledge of the underlying facts is presumed. Therefore, we need not engage in a detailed recitation of the facts and will refer to them only as they relate to the issue before us.

Carla Jo Costello (Mother) filed her Motion to Modify Decree of Dissolution of Marriage as to Child Support (motion) on March 15, 2001. The parties' original decree, entered February 22, 1990, awarded Mother primary and legal custody of Son and required Father to pay child support in the amount of $475 per month. The trial on Mother's motion commenced on June 12, 2002, but was continued to October 23, 2002, on which date the trial concluded.

During trial, both Mother and Son testified regarding monthly expenses incurred for Son. Mother testified that Son's usual monthly expenses, such as food, clothing, laundry, recreation, and allowance totaled approximately $680. Mother indicated that she pays approximately $108 monthly for medical insurance on Son,[1] and that he was scheduled to get braces at a monthly cost of about $300. Also, there was testimony that Son was an accomplished saxophone player, and because of his participation in his high school's marching, symphonic, and jazz bands, costs of approximately $103 to $125 per month are incurred for: special uniform and clothing needs; instrument rental, maintenance, repairs, and supplies; out-of-town trips; and band camps. In addition, Mother testified she would have to pay $118 per month for Son's car insurance.

During his cross-examination of Mother, Father's counsel attempted to add up the various expenditures and arrived at a monthly total of either $812 or $815.

---

1. Despite this testimony, we note that in computing its Form 14, the trial court indicated that the health insurance cost was only $50 per month.

When Father's counsel asked Mother if she agreed with his totals, she responded that she was getting different numbers and that the adding made her nervous. When asked if she should be able to support Son on $1,100 per month based on Son's expenses, Mother replied that the expenses were very variable.

After the bench trial, the trial court issued its judgment and order of modification of child support containing findings of fact and conclusions of law, as requested by Father. As relevant to this appeal, the trial court found as follows. Father's monthly gross income was $18,848, and Mother's monthly gross income was $3,680. Son's reasonable monthly expenses as related by Mother were $1,015. The trial court specifically found that the child support computed pursuant to Missouri Supreme Court Rule 88.01 was the correct and appropriate amount and increased Father's child support obligation to $1,489 per month.

In his sole point on appeal, Father claims the trial court erred and abused its discretion in failing to find the Form 14 child support amount calculated pursuant to Rule 88.01 was unjust or inappropriate because substantial evidence was presented that the reasonable monthly expenses for Son were far less than the presumed child support amount Father was ordered to pay.

■ Our review of a judgment modifying a decree of dissolution as to child support is limited to determining whether the judgment is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *DeArriba v. DeArriba*, 100 S.W.3d 134, 137 (Mo.App. E.D.2003). We view the evidence in the light most favorable to the trial court's judgment, disregarding all contrary evidence and inferences, and defer to the trial court's credibility determinations. *Bohac v. Akbani*, 29 S.W.3d 407, 411 (Mo.App. E.D. 2000).

■ In calculating the appropriate child support award, the trial court must first determine and find for the record the presumed correct child support amount pursuant to Rule 88.01, using Civil Procedure Form No. 14. *Barrett v. Barrett*, 963 S.W.2d 454, 458 (Mo.App. E.D.1998). There is a rebuttable presumption that the amount of child support so calculated is the amount to be ordered. *Boudreau v. Benitz*, 827 S.W.2d 732, 735 (Mo.App. E.D. 1992). If the trial court determines the presumed correct child support is unjust or inappropriate after consideration of all the relevant statutory factors, it must then make findings to rebut that amount. *Barrett*, 963 S.W.2d at 458.

The relevant factors to consider in accordance with Rule 88.01 when ordering a child support award include: 1) the financial needs of the child; 2) the financial resources and needs of the parents; 3) the standard of living the child would have enjoyed had the marriage not been dissolved; 4) the physical and emotional condition of the child and the child's educational needs; 5) the child's physical and legal custody arrangements, including the amount of time spent with each parent and the reasonable expenses associated with the arrangements; and 6) the reasonable work-related child care expenses of each parent. Section 452.340 RSMo 2000.

■ The burden of showing that the award is unjust or inappropriate is upon the party seeking to rebut the presumed-correct child support amount. *Smith v. White*, 114 S.W.3d 407, 414 (Mo.App. W.D. 2003). When a party presents evidence controverting a presumed fact, the fact must then be determined from the evidence as if no presumption had ever been

in effect. *Harding v. Harding,* 826 S.W.2d 404, 407 (Mo.App. W.D.1992). Evidence of need less than the presumed amount will rebut the Form 14 presumption, but such evidence will not mandate that the lower figure be applied. *Id.* at 408. It is within the trial court's discretion to award a just amount based on all the considerations of Rule 88.01. *Id.* However, if the award is based on the higher, rather than the lower, amount, the trial court must cite to the factors supporting the higher amount; the trial court's failure to so do is an abuse of discretion. *Honderick v. Honderick,* 984 S.W.2d 205, 212 (Mo.App. W.D.1999).

 The trial court here made a finding that Son's reasonable monthly expenses totaled $1,015 but later awarded the presumed child support amount of $1,489. Because of this contradiction, we are unable to determine on what basis the trial court made its findings. *See Elliott v. Elliott,* 920 S.W.2d 570, 580 (Mo.App. W.D. 1996) (trial court is not restricted to income and expense statement of custodial parent in determining child's expenses, but should consider all relevant evidence). In this case, the trial court awarded Mother the higher presumed child support amount and found the child support amount computed pursuant to Rule 88.01 to be correct and appropriate. Although it is certainly within the trial court's discretion to award the higher amount if it determines that amount to be just, the trial court must explain its decision to do so, citing to the specific factors supporting the award. *Honderick,* 984 S.W.2d at 212.

Therefore, we reverse and remand to the trial court to determine whether the presumed child support amount was rebutted and, if so, to cite to the relevant factors; and or to allow the trial court to award child support consistent with Son's needs based on all the considerations of

Rule 88.01 and Section 342.340 RSMo 2000. *See Honderick,* 984 S.W.2d at 211–12 (remanding to trier of fact for a determination of reasonable child support obligation based on demonstrated need and other relevant factors as required by Rule 88.01); *Harding,* 826 S.W.2d at 408 (cause remanded for trial court to reconsider and award reasonable amount of child support, allowing trial court to take into consideration relevant factors, including testimony that the children's standard of living had declined since separation).

The judgment in all other respects is affirmed.

SHERRI B. SULLIVAN, Chief Judge and BOOKER T. SHAW, Judge, Concur.