GARY W. LYNCH, J.
Timothy R. Isakson ("Ex-husband") appeals the trial court's judgment modifying maintenance and child support orders from a prior judgment dissolving his marriage to Tracie L. Isakson ("Ex-wife"). In three points, Ex-husband claims that the trial court erred in: (1) "ordering [Ex-husband] to continue to pay [Ex-wife] maintenance in that the trial court erroneously applied the law because [Ex-wife] had a duty to become self-supporting in a reasonable amount of time and she has failed to make a good faith effort to do so[;]" (2) ordering Ex-husband to pay the presumed child support amount of $1,436.00 per month in that it is unjust and inappropriate because "[Ex-husband's] payment of [B.I.'s] college expenses and all of [B.I.'s] uncovered medical expenses rebuts the presumed correct amount pursuant to Rule 88.01(b) and *24 Civil Procedure Form No. 14 [;]" and (3) "finding that the presumed child support amount was just and appropriate because the finding was not supported by substantial evidence in that [Ex-wife's] reasonable expenses for [B.I.] are much less than the presumed correct amount of child support, there was no evidence that [B.I.'s] food allergies substantially increased food costs, and the evidence showed that [B.I.] visited [Ex-wife] only twice per month on average." Finding no merit in any of Ex-husband's claims, we affirm the judgment.
Facts and Procedural Background
The parties' marriage was dissolved after seventeen years on October 29, 2007. In the dissolution judgment, the trial court ordered Ex-husband to pay Ex-wife $1,585.00 per month in child support for their three children, in addition to all future college expenses for each child. Ex-husband was also ordered to pay Ex-wife $4,683.00 per month in modifiable maintenance and, in addition, Ex-wife's college expenses to obtain bachelor's and master's degrees.
Ex-husband appealed the dissolution judgment challenging, inter alia , the trial court's order for him to pay for Ex-wife's college expenses. Finding that payment of a former spouse's educational expenses could only be awarded in the form of rehabilitative maintenance, this court reversed and remanded that order in the judgment for further proceedings and entry of an amended judgment. Isakson v. Isakson , 277 S.W.3d 784 (Mo. App. 2009) (" Isakson 1 "). The modifiable maintenance award in the dissolution judgment was affirmed. Id. at 788. Thereafter, Ex-husband and Ex-wife entered into a settlement agreement on March 3, 2010, in which Ex-husband was ordered to pay Ex-wife non-modifiable rehabilitative maintenance of $750.00 per month for forty-eight months commencing on February 1, 2010, and one additional payment of $1,144.68 on February 1, 2014. Ex-husband paid Ex-wife all sums due under this agreement and as ordered.
After the dissolution, Ex-husband continued practicing as a physician. Ex-wife, who was forty-five years old at the time of the dissolution, was awarded the marital home and continued to live in it with the parties' three children. The parties' three children lived with Ex-wife until each child graduated high school. Ex-wife had not worked since 1995, and continued not to work, choosing to raise the three children instead. In 2007, Ex-wife began attending Drury University in Rolla, Missouri, where she earned a bachelor's degree in Organizational Communications and Leadership Studies and Health Services in December 2012. In February 2016, Ex-wife enrolled in Webster University's Master of Business Administration (MBA) program, where she has received free tuition after becoming a Webster University employee in November 2016.
In October 2015, Ex-husband filed a Motion to Modify Maintenance and Child Support alleging that substantial changes of circumstances had occurred in that: (1) Ex-husband's income had decreased; (2) Ex-wife had sufficient opportunity to become self-supporting; (3) only one child, B.I., remained eligible for child support; (4) B.I. was about to begin college and since Ex-husband was required to pay for all college expenses, child support should terminate; and (5) Ex-wife's expenses had decreased. After trial, the trial court entered its judgment finding that substantial and continuing change of circumstances were demonstrated, which made the original judgment terms unreasonable in that: (1) the two oldest children had become emancipated; (2) Ex-wife had obtained a bachelor's degree; (3) Ex-wife was in school working toward her MBA; (4) Ex-wife *25 had become full-time employed; and (5) the income of both parties had changed. The trial court reduced Ex-husband's child support payment to $1,436.00 per month for B.I. and reduced Ex-husband's maintenance payment to $2,100.00 per month.[1]
Standard of Review
An appellate court will affirm the trial court's judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and permissible inferences drawn therefrom in the light most favorable to the judgement. Suffian v. Usher , 19 S.W.3d 130, 136 (Mo. banc 2000). The trial court is granted deference on factual issues because it is in a better position to determine the credibility of the parties and witnesses. J.A.R. v. D.G.R. , 426 S.W.3d 624, 627 (Mo. banc 2014).
Discussion
Trial Court Did Not Erroneously Apply the Law in Continuing Maintenance
Ex-husband's first point contends that the trial court erred in ordering him to continue to pay Ex-wife maintenance because the trial court erroneously applied the law in that Ex-wife failed to make a good faith effort to become self-supporting in a reasonable amount of time.
In support of his argument, Ex-husband relies on language in this court's opinion in Isakson 1 wherein we stated that "[r]ehabilitative maintenance routinely is limited to a time period-our research has found no case otherwise-since implicit in such an award is that the recipient will be self-supporting at the end of the time period. " Isakson , 277 S.W.3d at 787 (emphasis added) (internal quotations and citations omitted). Ex-husband seizes upon this statement as the premise for his argument that Ex-wife's modifiable maintenance award should now be terminated because Ex-wife was legally bound to become self-supporting by the time the rehabilitative maintenance award expired. Ex-husband, however, fails to cite any relevant legal authority supporting his contention that an implicit assumption and hope of future self-sufficiency underlying a rehabilitative maintenance award legally mandates a self-sufficiency determination on a future date, regardless of the actual underlying facts and circumstances at that time. This is not surprising because self-sufficiency is not a question of law but rather a question of fact.
In order to initially award maintenance, a trial court must factually find that the spouse seeking such an award: (1) lacks sufficient property, including marital property granted to her, to provide for her reasonable needs; and (2) is unable to support herself through appropriate employment. Creech v. Creech , 992 S.W.2d 226, 230 (Mo. App. 1999) ; see also section 452.335.1.[2] Here, these determinations were made by the dissolution judgment, and the trial court found in the modification judgment that "[Ex-wife] continues to lack sufficient property, including marital property apportioned to her in the original dissolution of marriage proceeding, to provide for her reasonable needs and is unable *26 to support herself through appropriate employment and is in continued need of an award of maintenance." The trial court further expressly found that after Ex-wife obtained her bachelor's degree, she "diligently sought employment[,]" that Ex-wife's income from that employment was "within the range of her capabilities of employment and were appropriate[,]" and that "[Ex-wife] is not under employed for the area in which she resides." These expressed factual findings support the reasonable inference that, although she had not become self-supporting at the time of the modification judgment, Ex-wife had made a good faith effort to become self-supporting in a reasonable amount of time.
Based on the trial court's express and implied factual findings, it did not erroneously apply the law when it continued Ex-husband's maintenance obligation to Ex-wife in the reduced amount of $2,100.00 per month.[3] Ex-husband's first point is denied.
Trial Court did not Abuse its Discretion in Determining that The Presumed Child Support Amount is Just and Appropriate
Ex-husband's second and third points are related, and we address them together and out of order for ease of analysis. Ex-husband contends that the trial court abused its discretion in ordering him to pay the Rule 88.01 and Form 14 presumed child support amount of $1,436.00 per month in that it is unjust and inappropriate because: (1) there was not substantial evidence to show that B.I.'s food allergies and home visits from college supported the presumed child support amount (Ex-husband's third point); and (2) Ex-husband is already paying for B.I.'s college expenses and uncovered medical expenses (Ex-husband's second point). Ex-husband does not challenge the trial court's calculation or the correctness of the presumed child support amount but rather contends that the trial court abused its discretion in not finding that it is unjust and inappropriate.
In calculating child support, including in a modification proceeding, section 452.340.8 and Rule 88.01 require the trial court to follow a two-step procedure. Lokeman v. Flattery , 146 S.W.3d 422, 426 (Mo. App. 2004). First, the trial court must determine and find for the record the presumed child support amount pursuant to Form 14. Id. Second, after considering all the relevant factors, the trial court must determine whether to rebut that amount as being unjust or inappropriate. Id.
"There is a rebuttable presumption that the amount of child support calculated pursuant to [ Form 14 ] is the correct amount of child support to be awarded in any judicial or administrative proceeding." Rule 88.01(b). The burden of showing that the child support award is unjust or inappropriate is upon the party seeking to rebut the presumed-correct child support amount. Costello v. Miranda , 137 S.W.3d 498, 500 (Mo. App. 2004). Evidence of need less than the presumed amount will rebut the Form 14 presumption, but such evidence will not mandate that the lower figure be applied. Id. It is within the trial court's discretion to award a just amount based on all other considerations of Rule 88.01. Id. However, if the award is based *27 on the higher amount, rather than the lower amount, the trial court must cite to the factors supporting the higher amount. Honderick v. Honderick , 984 S.W.2d 205, 212 (Mo. App. 1999). If the trial court fails to do this, it is an abuse of discretion. Id.
As part of the dissolution of marriage in 2007, Ex-husband was ordered to pay Ex-wife $1,585.00 per month in child support for their three children until each child had reached the age of majority or had become emancipated. Finding that the two older children were emancipated, leaving only B.I. needing child support, and that the parties' incomes had substantially changed, the trial court modified that child support and ordered Ex-husband to now pay the presumed child support amount of $1,436.00 per month for B.I. Ex-husband argues that "the presumed correct amount is rebutted as unjust and inappropriate."
With respect to Ex-husband's first issue-B.I.'s food allergies and home visits from college-Ex-wife submitted an income and expense statement that totaled B.I.'s reasonable monthly expenses to $1,305.55, an amount lower than the presumed child support amount of $1,436.00. The trial court, however, is not restricted to only the income and expense statement of Ex-wife in determining B.I.'s expenses, but can consider all relevant evidence. See Elliott v. Elliott , 920 S.W.2d 570, 580 (Mo. App. 1996). Although it is within the trial court's discretion to award the higher amount if it determines that amount to be just, the trial court must explain its decision to do so, citing the specific factors supporting the award. Honderick , 984 S.W.2d at 212.
Here, the trial court cited two factors as to why the higher amount was appropriate. Ex-husband asserts that neither factor is supported by substantial evidence.
Substantial evidence is evidence that, if believed, has some probative force on each fact that is necessary to sustain the circuit court's judgment. Evidence has probative force if it has any tendency to make a material fact more or less likely. When reviewing whether the circuit court's judgment is supported by substantial evidence, appellate courts view the evidence in the light most favorable to the circuit court's judgment and defer to the circuit court's credibility determinations. Appellate courts accept as true the evidence and inferences ... favorable to the trial court's decree and disregard all contrary evidence.... [N]o contrary evidence need be considered on a substantial-evidence challenge....
Circuit courts are free to believe any, all, or none of the evidence presented at trial.
Ivie v. Smith , 439 S.W.3d 189, 199-200 (Mo. banc 2014) (internal quotation marks and citations omitted).
First, the trial court found that B.I. had gall bladder surgery and had developed significant food allergies, requiring B.I. to eat only limited items, which substantially increased food costs. Ex-husband testified that he had received a bill for B.I.'s gallbladder surgery. Ex-husband and Ex-wife both testified that they were aware of B.I.'s special food needs. Ex-wife testified that she took B.I. to a dietician to determine what foods she could cook for B.I. and that, because B.I.'s diet had changed, Ex-wife needs to have the appropriate groceries available for B.I. in her home.
Second, the trial court found that even though B.I. is in college, she is home many weekends, all breaks, and summers. Ex-husband testified that B.I. does not spend the night at his home, and Ex-wife testified that B.I. lives with her in the summers, on holidays, and comes home about twice a month.
*28 Accordingly, and contrary to Ex-husband's assertion otherwise, we determine that these two additional factors are supported by substantial evidence.
With respect to the second issue-Ex-husband's payment of B.I.'s college expenses and uncovered medical expenses-Ex-husband asserts that the trial court abused its discretion in not rebutting the Form 14 amount as unjust or inappropriate because the Form 14 amount includes duplicated expenses. Essentially, Ex-husband contends that the Form 14 is "unjust and inappropriate" because it counts the cost of B.I.'s room and board twice as Ex-husband has to pay both for B.I.'s college expenses and child support to Ex-wife, and because Ex-husband has to pay for all of B.I.'s uncovered medical expenses.
When the trial court orders a parent to pay a portion of non-covered or extraordinary medical expenses or extraordinary post-secondary educational expenses in a separate order outside of the Form 14 presumed child support amount, the trial court is not required to find that the presumed child support amount is unjust or inappropriate and is, therefore, rebutted by the extraordinary expenses. See Directions, Comments for Use and Examples for Completion of Form No. 14, Line 6d, Comment A, Caveat, and Line 6e, Comment A, Caveat. Instead, the trial court, in its discretion, may order a parent to pay both the presumed child support amount and extraordinary expenses without including it in the Form 14 calculation and without making a finding that the Form 14 presumed child support amount is unjust or inappropriate. See Keller v. Keller , 18 S.W.3d 589, 599 (Mo. App. 2000) (uninsured extraordinary medical expenses that are not "predictable and recurring" may be handled by separate order); Ricklefs v. Ricklefs , 39 S.W.3d 865, 878 (Mo. App. 2001) (as an alternative to including post-secondary education expenses in the Form 14 calculation or a rebuttal thereof, the trial court may include such expenses in a separate order).
Here, the trial court did not include any extraordinary education or medical costs in the Form 14 calculation because Ex-husband was ordered to pay all of B.I.'s college expenses and medical expenses as set out in a separate order in the dissolution judgment in 2007. [LF 38, TR 33, 59]. The trial court, therefore, acted within its discretion in awarding the presumed child support amount.
Ex-husband's second and third points are denied.
Decision
The trial court's judgment is affirmed.
MARY W. SHEFFIELD, P.J.-concurs
DON E. BURRELL, JR., J.-concurs

The trial court found Ex-wife's reasonable needs to be approximately $3,700.00 per month. The trial court also found that Ex-wife's gross monthly income from her employment to be $2,275.00 and her take-home pay to be approximately $1,632.00 per month.

All rule references are to Missouri Court Rules (2017). Unless otherwise indicated, all statutory references are to RSMo 2000.

Other than contending that all modifiable maintenance should be terminated as a matter of law, which we reject, Ex-husband does not challenge the trial court's determination of the reduced amount of maintenance. In the absence of a finding that the amount awarded for maintenance is patently unwarranted and wholly beyond the means of the spouse who pays, this court will not interfere with the circuit court's award of maintenance. Burnett v. Burnett , 18 S.W.3d 27, 29 (Mo. App. 2000).