**Dorothy E. FISCHER, Petitioner/Respondent,**

v.

**Robert D. FISCHER, Respondent/Appellant.**

**No. ED 77402.**

Missouri Court of Appeals, Eastern District. Division Two.

Nov. 6, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 26, 2001.

Application for Transfer Denied Feb. 26, 2002.

Michael A. Gross; St. Louis, for appellant.

Susan M. Hais; Philip E. Adams; Clayton, for respondent.

MARY K. HOFF, Judge.

Robert D. Fischer (Husband) appeals from the trial court's Judgment and Decree of Dissolution of Marriage (judgment). We reverse and remand for reconsideration of the maintenance award to Dorothy E. Fischer (Wife) in light of *Hill v. Hill*, 53 S.W.3d 114 (Mo. banc 2001).

Husband and Wife were divorced on December 20, 1999, after 31 years of marriage. The trial court valued the marital property at $9,103,255.00, Wife's separate property at $17,863.00, and Husband's separate property at $6,178,741.00. In its judgment, the court divided the marital property, awarding $5,198,949.00 to Wife, and $3,904,306.00 to Husband. Included in the portion of the marital property awarded to Wife was an IRA valued at $1,300,000.00. The trial court also granted Wife's request for maintenance, awarding her $5,000.00 per month. This appeal followed entry of the judgment.

Husband's sole point on appeal is that the trial court erred in failing to consider the income Wife earns on her $1,300,000.00 IRA when calculating Wife's maintenance award. Specifically, Husband contends that Wife is entitled, under Section 72 of the Internal Revenue Code, to withdraw 3.81 percent of the balance of her IRA account each year until she reaches the age of 59 and one-half years without incurring any tax penalty. Assuming an annual interest rate of at least 3.81 percent, Husband's accountant estimates Wife could withdraw approximately $4,200.00 per month, without invading the corpus of the IRA. Husband argues the trial court should have considered this amount as income to Wife when calculating the amount of maintenance to award her.

 Trial courts have broad discretion in determining the amount of maintenance, and appellate courts do not interfere, absent an abuse of discretion. *Hill*, 53 S.W.3d at 116. In determining the amount of maintenance to award, the trial court must consider, among other factors, "[t]he financial resources of the party seeking maintenance, including marital property apportioned to [her], and [her] ability to meet [her] needs independently . . .". Section 452.335.2 RSMo 1994. The trial court must take into account the interest the party seeking maintenance earns from her share of marital property when determining the amount of maintenance to award. *Jung v. Jung*, 886 S.W.2d 737, 740 (Mo.App. E.D.1994). Investment income must be factored in the calculation so that maintenance is not awarded for the purposes of building an estate or accumulating capital. *Hill*, 53 S.W.3d at 116; *In re Marriage of Tappan*, 856 S.W.2d 362, 366–67 (Mo.App. S.D.1993). A trial court's failure to consider the recipient's reasonable expectation of income from investment of the marital property constitutes error. *Jung*, 886 S.W.2d at 740.

Wife argues that she should not have to deplete her share of the marital property awarded to her before being entitled to maintenance, citing *Witt v. Witt*, 930

S.W.2d 500, 503 (Mo.App. W.D.1996). In *Witt*, the wife's IRAs were not readily available to her without penalty. The court determined that the wife should not be required to support herself with income from her IRAs, explaining that "[r]etirement accounts that are not readily available to a party should not be considered as 'income-producing property' for purposes of determining whether a spouse is entitled to maintenance." *Id.*

After the judgment was entered by the trial court the Supreme Court of Missouri handed down *Hill* and cautioned, "*Witt* and its progeny should not be interpreted to prohibit consideration of retirement accounts (subject to penalties and taxes) in calculating maintenance." *Hill*, 53 S.W.3d at 116. The Supreme Court further stated case law that "require[s] imputing income from retirement and IRA accounts in every case" should also not be followed. *Id.* The Supreme Court concluded "when calculating maintenance, a trial court must consider the income from retirement and IRA accounts to be apportioned as marital property" by determining

> the amount of income—if any—imputed from these accounts based on the facts and circumstances of each case—including the cost to convert the account into cash, the age of the parties, their intent as to investment/consumption/retirement, the relative division of marital property and marital debts, and any equitable adjustment for reasonably certain taxes and penalties.

*Id.*

■ Pursuant to *Hill* the trial court must determine whether any income may be imputed to the IRA awarded to Wife as marital property, and if so, the amount of that income, when calculating the amount of maintenance to award Wife. Husband urges the trial court failed to do this. Wife responds that the record reveals the trial court did consider the IRA income when it calculated the maintenance award. Wife directs us to various portions of the trial transcript, which she claims indicate the trial court considered income from the IRA, despite the absence of references to the income in the court's judgment.

While a review of the transcript indicates testimony was presented regarding the income available to Wife from the IRA, we are not persuaded that the trial court considered the income from the IRA account when it calculated maintenance. The only mention we find of Wife's IRA account in the trial court's judgment is the statement that "[t]he Court will not require Wife to deplete her retirement accounts to pay for her monthly expenses." No other mention of the IRA account, or income from it, is made in the court's discussion of maintenance. The trial court did not explain in its judgment whether it considered income from the IRA, if at all. We conclude the trial court may consider income from the IRA awarded to Wife when calculating the amount of maintenance to award her in light of the requirements of *Hill*.

Based on *Hill*, we reverse and remand with instructions to reconsider the maintenance award.

MARY R. RUSSELL, P.J. and CHARLES B. BLACKMAR, S.J., concur.