Carolyn F. HILL,
Petitioner/Respondent,

v.

Bernard J. HILL,
Respondent/Appellant.

No. ED 79270.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 29, 2002.

Paul H. Schramm, St. Louis, MO, Daniel R. Schramm, Chesterfield, MO, for appellant.

Michael L. Schechter & Romeo J. Monzones, Jr. Clayton, MO, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Husband, Bernard Hill, appeals from the judgment of the trial court in favor of wife, Carolyn Hill, on her motion for guarantee to secure husband's payment of his support obligations under a decree of dissolution. We reverse and remand with directions.

In January 2001, wife filed a motion for guarantee to secure support obligation payments pursuant to section 452.344, RSMo (2000). In that motion, she requested that the trial court require husband to provide sufficient security for his support obligations under the decree of dissolution. She alleged that husband was not a resident of Missouri and might not be a resident of the United States; that he concealed himself and left his usual place of abode, so that ordinary process of law could not be served upon him; and that he might be about to remove his property or effects from Missouri with the intent to defraud his creditors.

In February 2001, after a hearing, the trial court granted wife's motion. The court required husband, *inter alia,* to post a sum of $200,000.00 as security for payments due by him under the 1999 decree of dissolution; and until such sum was posted, placed a lien in that amount on a brokerage account in husband's name. Husband appeals from that judgment.

In *Hill v. Hill,* 53 S.W.3d 114 (Mo. banc 2001), husband appealed from the 1999 decree of dissolution of his marriage to wife. The Missouri Supreme Court addressed the issue of whether the trial court erred in failing to consider the income from retirement and IRA accounts when it calculated maintenance in the decree of dissolution. *Id.* at 116. The court held that "when calculating maintenance, a trial court must consider the income from retirement and IRA accounts to be apportioned as marital property." *Id.* The court reversed that part of the decree relating to maintenance and remanded the case for the trial court to determine the amount of income, if any, to be imputed to wife from the retirement accounts. *Id.* at 117.

In this appeal, husband argues that the trial court erred in entering a judgment securing his support obligations established in the 1999 decree, because

based upon the remand in *Hill*, the trial court will adjust his child support and maintenance obligations "downward." We agree with husband that the *Hill* decision may have an impact on the amount of his support obligations, although we do not agree that such an adjustment necessarily will be "downward." When an appellate court changes one part of the decree, upon remand, the trial court may reconsider other portions of the decree in light of that change. *See Lynch v. Lynch*, 665 S.W.2d 20, 24 (Mo.App.1983). Upon remand, when the trial court considers income from the retirement accounts as wife's income, it may, or may not, adjust husband's maintenance and child support obligations established in the 1999 decree of dissolution. Therefore, in the instant action, because of the possibility of a change in husband's support obligations upon remand, there is no final judgment regarding support upon which the court can enter its present judgment to guarantee payment. The judgment securing payment is therefore a nullity, because no judgment presently exists to guarantee. To address the issues raised in this appeal would be rendering an advisory opinion, which this court is barred from doing. *United Fire & Cas. Co. v. Tharp*, 46 S.W.3d 99, 106 (Mo.App. S.D. 2001).

We, therefore, reverse and remand with directions to the trial court to set aside its judgment requiring husband to post $200,000.00 as security and placing a lien in that amount on a brokerage account in husband's name. We express no opinion regarding the merits of such a motion if the underlying dissolution decree had remained intact.

KATHIANNE KNAUP CRANE, J., and ROBERT G. DOWD, JR. J., concur.