Thomas A. **LEE, Petitioner/Appellant,**

v.

**Deborah A. LEE,**
**Respondent/Respondent.**

**No. ED 81906.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 23, 2003.

---

Richard B. Blanke, St. Louis, MO, for appellant.

Julius H. Berg, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Husband, Thomas A. Lee, appeals from the trial court's judgment and decree dissolving his marriage to Wife, Deborah A. Lee. Husband raises four points on appeal, three challenging the award of maintenance and one contesting the award of

child support. We find two of Husband's points dispositive. Because we are unable to determine the extent to which the trial court complied with *Hill v. Hill*, 53 S.W.3d 114 (Mo. banc 2001), in considering income from retirement and IRA accounts awarded to Wife as marital property, we reverse and remand the maintenance award for reconsideration. Because reconsideration of maintenance may affect the award of child support, we also reverse and remand the award of child support for reconsideration.

*Factual Background*

Husband and Wife were married on May 28, 1983, and have two minor children Jason, born in May 1985, and Jennifer, born in August 1987. Husband and Wife separated on or about January 1, 2001. Husband filed a petition for dissolution of marriage and Wife filed a cross-petition seeking, in part, maintenance and child support. At the time of trial, Husband, a journeyman, was employed by Duct Systems, Inc., of which he is president and sole stockholder. Wife was also employed, working approximately thirty-five hours per week performing clerical functions at Lydia's House, a facility for abused women.

The court found that Husband's monthly income was $28,474 per month. As to Wife, the court found the earnings from her job at Lydia's House to be $1,505 per month, and that she could earn an additional $510 per month working as an accounting clerk. The court also imputed

investment income to Wife. The court found that Wife would receive, as marital property, "liquid assets" totaling $190,168 and a cash equalizing payment of $277,951, which if invested at a rate of 2%, would earn Wife an additional $780 per month. Thus, the trial court found, Wife's total income from wages, as imputed, and investments was $2,795 per month. The court found this amount to be insufficient to meet Wife's reasonable needs, which the court found to be $8,039 per month.

The court's judgment, in part, awarded Wife $5,230 per month in modifiable periodic maintenance, awarded Wife sole physical custody of the children, and ordered Husband to pay $1,383 per month in child support.[1] The court also divided the marital property, including the marital residence and other real property, vehicles, household goods, various banking, money market, and non-retirement security accounts, and stocks. The combined total value of these various accounts and stocks equaled $190,168—the amount used by the court when imputing investment income to the Wife from her "liquid assets." And, significant to this appeal, the court also valued, divided, and awarded as marital property four IRA accounts and one 401(k) account.[2] The court apportioned these retirement assets equally, awarding fifty percent in kind of each account to both Husband and Wife. According to the value of these accounts, as found by the court, the aggregate value of all these retirement accounts totaled $141,159.02. Thus, Wife was awarded an aggregate value of $70,

---

1. The parties were awarded joint legal custody of the children.

2. Specifically, these accounts are as follows:

(a) A.G. Edwards IRA Account, in Wife's name

(b) The Best of America IV SEP IRA, in Wife's name

(c) American Funds IRA Account, in Husband's name

(d) Allegiant Bank IRA Account, in Husband's name; and

(e) Sheet Metal Workers Local 36–401(k) Account, in Husband's name.

The court made these accounts, plus two pension funds, subject to division by Qualified Domestic Relations Order.

579.51 in IRA and retirement accounts apportioned as marital property.

## Discussion

■ In his second point on appeal, Husband, in part, alleges the trial court erred in awarding Wife $5,230 per month in maintenance because the court improperly failed to consider additional income Wife could earn from the retirement assets awarded to her as marital property. Husband urges that the court, in imputing investment income to the Wife, only included income from the "liquid assets" totaling $190,168 and the cash equalizing payment of $277,951. Husband complains that the court did not consider or include any investment income Wife could earn from her share of the retirement assets—the four IRAs and the 401(k) account—awarded to her as marital property.

■ The standard for reviewing a judgment and decree of dissolution is the same for reviewing any court-tried action. *Shelton v. Shelton*, 29 S.W.3d 400, 403 (Mo.App. E.D.2000). The judgment will be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). Additionally, we view all the evidence and the inferences therefrom in the light most favorable to the trial court's decision and disregard all contrary evidence and inferences. *T.B.G.*, 772 S.W.2d at 654; *Chen v. Li*, 986 S.W.2d 927, 931 (Mo.App. E.D.1999).

■ A maintenance award is "aimed at closing the gap between the income of the spouse who seeks maintenance and that spouse's monthly expenses." *In re Mar-riage of Zavadil*, 806 S.W.2d 506, 512 (Mo. App. E.D.1991). As part of its judgment in a dissolution proceeding, a court may grant maintenance to a spouse upon a finding that the spouse seeking maintenance: (1) lacks sufficient property, including marital property apportioned to the spouse, to provide for the spouse's reasonable needs; and (2) is unable or should not be required to be employed under the circumstances. Section 452.335.1 RSMo. 2000.[3] If the spouse is entitled to maintenance, said maintenance shall be in such amounts and for such periods of time as the trial court deems just after considering all relevant factors, including, but not limited to, the financial resources of the party seeking maintenance, including marital property apportioned to the party, and the party's ability to meet their needs independently. Section 452.335.2.

■ In deciding the propriety of a maintenance award and the sufficiency of a spouse's property to provide for his or her reasonable needs, the trial court must consider marital property apportioned to a spouse, including the interest a spouse will earn from his or her share of the marital property. Section 452.335.1; *Hill*, 53 S.W.3d at 116. This "reflects the general principle that investment income must be considered, so that maintenance is not awarded for the purposes of building an estate or accumulation of capital." *Hill*, 53 S.W.3d at 116. But, a spouse is not required to deplete his or her apportioned share of marital property before being entitled to maintenance. *Id.* With respect to retirement and IRA accounts that have been apportioned as marital property, our Supreme Court has struck a balance between these two competing principles, and set forth the following guidelines:

---

**3.** All further statutory references are to RSMo.2000.

In sum, when calculating maintenance, a trial court must consider the income from retirement and IRA accounts to be apportioned as marital property. The trial court determines the amount of income—if any—imputed from these accounts based on the facts and circumstances of each case—including the cost to convert the account into cash, the age of the parties, their intent as to investment/consumption/retirement, the relative division of marital property and marital debts, and any equitable adjustment for reasonably certain taxes and penalties.

*Id.* The trial court is not required to impute income attributable to retirement and IRA accounts awarded as marital property, but the court is required to "consider" such income when calculating maintenance. *See Id.; In re Marriage of Novak,* 83 S.W.3d 597 (Mo.App. E.D.2002); *Fischer v. Fischer,* 66 S.W.3d 43 (Mo.App. E.D. 2001); *Cohen v. Cohen,* 73 S.W.3d 39 (Mo. App. W.D.2002); *N.M.O. v. D.P.O.,* 2003 WL 21643422 (Mo.App. E.D.2003).

With respect to the IRA and retirement accounts awarded Wife as marital property in this case, it is clear that the court did not impute investment income attributable to these accounts. Rather, in determining Wife's income for purposes of determining maintenance, the court only imputed income from the cash equalizing payment, $277,951, and the "liquid assets" totaling $190,168—the total of the various stocks, banking, money market, and non-retirement accounts awarded Wife. The court was not required to impute income attributable to the four IRA accounts and the 401(k) account. However, the court was required to "consider" the income from these accounts when calculating maintenance. Yet the judgment is silent as to whether such consideration occurred. Normally, in the absence of explicit findings, we presume the trial court made implicit findings in accordance with the result reached. Rule 73.01. However, here, we understand *Hill* and its progeny to require explicit evidence of the trial court's consideration of income from retirement and IRA accounts awarded as marital property. Such explicit evidence of a trial court's consideration might be made manifest by a trial court's oral pronouncement of such consideration or by an appropriate finding in the court's judgment. Such evidence is absent here. The only mention of these accounts is a listing, valuation, and the division of the accounts awarded to each party as marital property. The court did not explain if it considered income from these accounts. *See, e.g., In re Marriage of Novak,* 83 S.W.3d at 601–2; *Fischer,* 66 S.W.3d at 45. Thus, we are unable to determine the extent to which the trial court complied with *Hill.* Accordingly, we reverse the maintenance award and remand for further proceedings to develop the record and to further consider the maintenance award, and the income from the retirement accounts, in light of *Hill* and its progeny. Because the maintenance award must be reversed, we decline to consider Husband's further complaints as to the award since these may be resolved on remand.

In his final point on appeal, Husband contends that because Wife's income must be readjusted to account for the investment value of her retirement accounts, and because maintenance must then be recalculated, then child support is also subject to recalculation. A factor in determining an award of child support is the financial resources of the parties. Section 452.340.1; *See also* Form 14. Because the trial court's determination as to Wife's income and the award of maintenance may be affected on remand, so too may its determination of child support. *See Chen,* 986 S.W.2d at 934. We therefore also

reverse the trial court's child-support order and remand for reconsideration. The trial court may, in its discretion, receive further evidence as to the awards of maintenance and child support.

Judgment reversed and the cause remanded.

CLIFFORD H. AHRENS, P.J., and WILLIAM H. CRANDALL, JR., J., concur.