In re the MARRIAGE OF Terri YORK and Rick York,

Terri York, Petitioner–Respondent,

v.

Rick York, Respondent–Appellant.

No. 27067.

Missouri Court of Appeals, Southern District, Division Two.

March 13, 2006.

---

Mark E. Rector, Allen & Rector, Lebanon, for Appellant.

Darrell Deputy, Jr., Lebanon, for Respondent.

PHILLIP R. GARRISON, Judge.

Rick York ("Husband") appeals from the judgment dissolving his marriage to Terri York ("Wife"). He contends the trial court erred in awarding maintenance to Wife, arguing there was insufficient evidence to support the award, in that (1) Wife's reasonable needs do not justify it, and (2) Husband does not have sufficient income and assets to pay the award. We disagree and affirm the judgment of the trial court.

The parties were married on July 6, 1985, in Richland, Missouri. Two children were born of the marriage: Shanna Nicole York, who is now emancipated, and Jacoba Lee York ("Jacoba").

Wife has a degree in Biology, Criminal Justice, and Psychology, and worked as a Missouri Probation and Parole Officer in Camdenton, Missouri, until 1998. At that time, she became disabled with fibromyalgia, depression, chronic bronchitis, and Raynaud's Syndrome and was unable to work. Wife is taking nineteen different prescription drugs for her illnesses and currently receives Social Security Disability payments of $594 per month.

The parties separated on or about July 14, 2004. At the time of separation, Husband was employed as a welder earning $13.69 per hour. Husband's annual gross income for 2001–2003 was $22,212, $24,287, and $25,038, respectively.

Husband left the marital residence upon separation and moved in with Mary Ordetay and her boyfriend. One month later, Ms. Ordetay's boyfriend moved out and Husband continued to reside with Ms. Ordetay, paying some of her expenses. Meanwhile, Wife and Jacoba continued to reside in the marital home until they moved in with Wife's parents, in February 2005.

Wife filed a petition for dissolution of marriage on August 12, 2004. Prior to trial, the parties entered into a marital settlement which settled all of the property division issues. Husband received ownership of the marital home and other real estate, but agreed to pay Wife the sum of $10,000 for her equity in those properties. The parties also entered into a joint parenting plan as to care and custody of Jacoba.

A hearing was held on the remaining issues, and on May 12, 2005, the trial court

entered its judgment dissolving the marriage of the parties, ordering Husband to pay $500 per month child support, and $300 per month modifiable maintenance to Wife. Husband now appeals the portion of that judgment awarding maintenance to Wife.

◼ Appellate review of a judgment of dissolution is the same as any other court-tried case. *Henbest v. Henbest,* 164 S.W.3d 198, 200 (Mo.App. S.D.2005). The trial court's judgment will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Buchholz v. Buchholz,* 166 S.W.3d 146, 152 (Mo.App. S.D.2005); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).[1] "Credibility issues are for the trial court to resolve, and we will assume that all factual issues were resolved in favor of the judgment entered." *Sweet v. Sweet,* 154 S.W.3d 499, 504 (Mo.App. W.D.2005).

◼ The trial court has broad discretion in determining the amount and duration of maintenance. *In re Marriage of Murphy,* 71 S.W.3d 202, 205 (Mo.App. S.D. 2002). We are therefore limited to reviewing maintenance awards for abuse of discretion. *Id.* "The party challenging the maintenance award has the burden of showing an abuse of discretion." *Goodin v. Goodin,* 5 S.W.3d 213, 216 (Mo.App. S.D.1999). Abuse of discretion arises where the maintenance award is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicates a lack of careful consideration. *Id.* Where reasonable people can differ about the pro-

priety of the action taken by the trial court, there has not been an abuse of discretion. *Id.*

◼ Husband first maintains that Wife's reasonable needs do not justify an award of maintenance. He directs us to the threshold requirements of Section 452.335.1,[2] which provides that before maintenance is awarded in any amount, the trial court must find that the party seeking maintenance: (1) lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs; and (2) is unable to support herself by appropriate employment. *Buchholz,* 166 S.W.3d at 157.

◼ When a trial court determines whether a spouse has sufficient property to provide for his or her reasonable needs, it must consider marital property apportioned to a spouse, including any interest earned from his or her share of the marital property. *Lee v. Lee,* 117 S.W.3d 693, 696 (Mo.App. E.D.2003). "This 'reflects the general principle that investment income must be considered, so that maintenance is not awarded for the purposes of building an estate or accumulation of capital.'" *Id.* (quoting *Hill v. Hill,* 53 S.W.3d 114, 116 (Mo. banc 2001)). However, a spouse is not required to deplete his or her share of marital property before being entitled to maintenance. *Lee,* 117 S.W.3d at 696. Therefore, "[i]n determining whether [Wife] has sufficient property to provide for her reasonable needs, only her income-producing property should be considered." *Clance v. Clance,* 127 S.W.3d 716, 726 (Mo. App. W.D.2004).

---

1. *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that rule now appear in essentially the same form in Rule 84.13(d), Missouri Rules of Civil Procedure (2005).

2. All references to statutes are to RSMo (2000) unless otherwise indicated.

The record reveals that Wife's only property of significant value would be the $10,000 Husband had agreed to pay for her equity in the marital home. At the time of trial, Wife had not yet received the $10,000 in question,[3] and Husband does not suggest in his brief that the $10,000 obligation is a source of income for Wife.

Husband does not assert on appeal that Wife is able to support herself through appropriate employment, but argues that Wife's monthly expenses for her and the parties' minor child are currently being met by her monthly income and child support payments. We first recognize that "[a]wards of spousal maintenance and child support are two distinctly separate concepts." *Nichols v. Nichols*, 14 S.W.3d 630, 637 (Mo.App. E.D.2000). "[M]aintenance is for the needs of the recipient spouse; maintenance is not for child support." *Id.* The trial court may not consider expenses attributable to the care and support of a dependent child when assessing a spouse's need for maintenance. *In re Marriage of Neu*, 167 S.W.3d 791, 796 (Mo.App. E.D.2005). Accordingly, the trial court does not consider the receipt of child support payments when assessing a spouse's ability to meet her reasonable needs.

Wife's monthly income is limited to a Social Security Disability payment of $594.[4] Wife initially filed an income and expense statement ("original statement") reflecting monthly expenses, including those attributable to her minor child, of $1,255. Of that total, $1,059 was attributable to her reasonable needs. Wife later submitted an amended income and ex-

pense statement ("amended statement"), in which she claimed expenses of $2,895 per month. Of that total $2,356 was attributable to her reasonable needs. At the time of trial, Wife was living with her parents, but testified that the increased expenses were associated with an intended relocation to Jefferson City, Missouri.

Husband asserts that any expenses associated with an intended move to Jefferson City should be ignored because an award of maintenance cannot be based on a speculative future condition. Assuming *arguendo,* that we are to disregard all expenses associated with an intended relocation, the record still supports the trial court's finding that Wife is unable to provide for her reasonable needs through employment and the marital property apportioned to her.

Wife's expenses in her original statement amounted to $1,059 per month, which is clearly greater than her income of $594 per month. Of that amount, Husband asks us to ignore the $300 Wife claims she pays her parents in rent, because she has no proof of such payment. However, the trial court made no findings in this regard. Under Rule 73.01,[5] no findings are necessary in the absence of a motion for findings of fact. *Comninellis v. Comninellis*, 147 S.W.3d 102, 107 (Mo.App. W.D.2004). Where neither party requests specific findings, "[a]ll fact issues . . . shall be considered as having been found in accordance with the result reached." Rule 73.01(c). Accordingly, we assume the trial court accepted Wife's testimony regarding the $300 in rent paid to her parents.

---

**3.** At trial, Husband testified he was in the process of obtaining a mortgage on the home, which he estimated would cost him $350 in monthly payments.

**4.** Husband does not dispute Wife's inability to work, and he agrees that Wife's income is

limited to $594 per month in Social Security benefits.

**5.** All references to rules are to Missouri Rules of Civil Procedure (2005) unless otherwise indicated.

Even had the trial court disregarded Wife's amended statement and any expenses associated with the intended relocation, there remains sufficient evidence supporting a finding that Wife's reasonable needs could not be met solely by her Social Security Disability payment of $594 per month.

■ Husband also contends that he does not have sufficient income and assets to pay $300 in maintenance. He relies on Section 452.335.2, which guides the trial court in determining the amount and duration of maintenance. *Sweet,* 154 S.W.3d at 504. Section 452.335.2 provides in relevant part:

The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently ...;

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The comparative earning capacity of each spouse;

(4) The standard of living established during the marriage;

(5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;

(6) The duration of the marriage;

(7) The age, and the physical and emotional condition of the spouse seeking maintenance;

(8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;

(9) The conduct of the parties during the marriage; and

(10) Any other relevant factors.

■ Maintenance should not be disturbed on appeal unless the paying spouse is wholly without means to pay it. *Crews v. Crews,* 949 S.W.2d 659, 666 (Mo.App. W.D.1997). Husband's testimony, that he could not afford to pay maintenance, was supported by an amended income and expense statement filed with the court. That statement reflected a monthly net pay of $1,881.92, and monthly expenses of $1,456. Under this estimation, after payments of child support and spousal maintenance, Husband was left with only $1,081.92 to meet his estimated expenses, a clear shortfall. However, Husband initially filed an income and expense statement reflecting $2,060.07 in net pay, and only $688.67 in expenses. If this estimation is believed, Husband has $1,260.07 remaining after child support and maintenance obligations to pay for $688.67 in expenses. Husband later retracted his first estimation, explaining the amounts were inaccurate because he had not taken the matter of filling out the statement seriously.

While maintaining that he cannot afford to pay Wife maintenance in any amount, Husband admits paying for rent and most of the utilities while residing with Ms. Ordetay. Husband also testified that he failed to report $125 per month in rental income.

As previously related, where neither party requests specific findings, "[a]ll fact issues ... shall be considered as having been found in accordance with the result reached." Rule 73.01(c). Additionally, "[w]e defer to the trial court's superior ability to view the witnesses and determine credibility; the court is free to believe or disbelieve all, part or none of the testimo-

ny given by any of the witnesses." *Klockow v. Klockow*, 979 S.W.2d 482, 487 (Mo. App. W.D.1998). The trial court was free to disbelieve Husband's calculated expenses especially in light of admitted inconsistencies. Assuming all factual issues were resolved in accordance with the result reached, sufficient evidence exists to support the trial court's implicit finding that Husband is able to pay periodic maintenance of $300.

Husband has not met his burden in showing the trial court abused its discretion in awarding maintenance to Wife in the amount of $300 per month. The trial court's determination that Wife lacks sufficient property to provide for her reasonable needs and is unable to support herself by appropriate employment is supported by sufficient evidence. Additionally, resolving all factual issues in accordance with the result reached, there is sufficient evidence supporting Husband's ability to pay the maintenance award. Husband's point is therefore denied.

The judgment of the trial court is affirmed.

BATES, C.J., and BARNEY, J., concur.