**In re the MARRIAGE OF Terry M. RICHARDSON and Cyndy L. Richardson**

**Terry M. Richardson, Petitioner–Appellant,**

**v.**

**Cyndy L. Richardson, Respondent–Respondent.**

No. 27074.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 6, 2006.

H. Mark Preyer, Kennett, for appellant.

James C. Bullard, Kennett, for respondent.

NANCY STEFFEN RAHMEYER,
Presiding Judge.

Terry ("Husband") and Cyndy ("Wife") Richardson were married for almost twenty-four years; they agreed upon a custody plan for their unemancipated daughter and the child support provisions. They did not agree on the division of property or whether Wife was entitled to a maintenance award. The trial court awarded Husband all of his retirement accounts, including his 401(k), and awarded Wife the marital home; the court also ordered Husband to pay modifiable maintenance in the amount of $800.00 per month. Husband challenges the court's determination of both of these issues. We affirm.

■ Husband raises the property distribution in his first point. In essence, he claims that the court failed to discount the value of the retirement accounts, which were awarded to him, by the approximate tax consequences should he choose to liquidate the accounts. Although he requested the award of the retirement accounts, he asserts that the value as awarded to him created a far less than equitable division of the property; he claims in a fair division he would not have been ordered to pay all of the second mortgage on the marital home. Although Husband acknowledges there is no precedent discounting assets by the potential tax consequences when dividing marital property, he invites this Court to extend the rationale of *Hill v. Hill*, 53 S.W.3d 114 (Mo. banc 2001),[1] to property distribution cases.

Husband argues that the "face value" of the IRA and 401(k) plan should be discounted by the potential tax liability of "approximately" twenty-five percent to reflect the facts as "they exist in the real world" if the accounts were actually "readily available cash." Husband argues that in this case the court indicated an intent to award him fifty-five percent of the property; however, if the accounts are discounted by potential penalties and taxes of twenty-five percent, Husband only received approximately forty-six percent of the marital assets. Thus, he arrives at his conclusion that we should decrease the debt Husband was ordered to pay.

We decline to follow Husband's suggestion that all assets in a dissolution should be reduced to reflect potential or possible tax consequences when and if the asset is ever sold. First, there was no evidence at trial that any of the retirement assets were to be sold. Second, it is entirely speculative when and if the assets would be sold and what the effective tax and penalty liability would be at the time of the potential sale.

■ Husband merely requested the court consider its cash equivalent value and the "roughly twenty-five percent penalty" if the money was withdrawn on the date of the hearing. The amount of taxes estimated at twenty-five percent was not supported in any other fashion. Next at

---

1. *Hill* was a maintenance case where Wife was 58½ years old at the time of the dissolution. She received $500,000 in IRA and retirement accounts, but the trial court had not considered reasonably certain taxes and penalties on the accounts in determining the amount of income available for maintenance. *Id.* at 116.

trial, Husband asserted that the court should award the accounts at the value on the date of separation and not the date of the dissolution.[2] That proposition would clearly have been error. Assets are divided on the date of the dissolution. *Conrad v. Conrad*, 76 S.W.3d 305, 314 (Mo.App. W.D.2002) (declaring that "the appropriate date for valuing marital property in a dissolution proceeding is the date of trial.").

We do not believe requiring that all assets be valued for any possible tax consequences in dissolution cases would benefit the litigants but, instead, would complicate most dissolution trials. The trial court had substantial discretion in dividing marital property and we will not interfere unless the division is so heavily weighed in favor of one party so as to amount to an abuse of discretion. *Hill*, 53 S.W.3d 114, 116. Even if the property were discounted by twenty-five percent, we do not find Husband's claim that he was awarded a "net" award of forty-six percent of the marital assets to be an abuse of discretion. Point I is denied.

■ Husband's second and third points claim error in the award and amount of maintenance. A trial court can award maintenance only if it finds that the spouse seeking maintenance: (1) lacks sufficient property, including marital property apportioned to her during the divorce, to meet her reasonable needs, and (2) is unable to support herself through appropriate employment or that she has custody of a child whose condition or circumstance makes it appropriate that she not be required to seek employment outside the home. Section 452.335.1.[3]

■ The spouse seeking maintenance has the burden of establishing the threshold requirements. *Comninellis v. Comninellis*, 147 S.W.3d 102, 106 (Mo.App. W.D. 2004). The party challenging the maintenance award has the burden of showing that the trial court abused its discretion. *Shelton v. Shelton*, 29 S.W.3d 400, 404 (Mo.App. E.D.2000). Finally, the evidence is viewed favorable to the decree, disregarding evidence to the contrary, and deferring to the trial court even if the evidence could support a different conclusion. *Sola v. Bidwell*, 980 S.W.2d 60, 67–68 (Mo. App. W.D.1998).

In the light most favorable to the decree, the evidence supporting the award indicates that Husband was employed earning approximately $63,000.00 per year, or $5,258 per month, whereas Wife works as a teacher's aide earning approximately $750 per month and $50 per month grooming dogs. Husband has $3,753 in disposable income, excluding his voluntary contribution to his 401(k). Wife has reasonable expenses of $1,915 per month for a shortfall of $1,182 per month. Wife was employed as an orthodontic assistant in Texas making significantly better wages; however, the couple relocated to Kennett, Missouri, for Husband to get another job after he lost his job in Texas.

Wife had thirty hours of college credit that were twenty-five years old, but the credits would not transfer and, if she attended classes two nights per week, it would take seven and a half years to get a degree. Wife's lack of a post-secondary education and her previous vocational training and work experience as an orthodontic assistant in Texas were of limited

---

**2.** The calculation for one of the accounts was calculated by Husband as of the date of separation and, coincidentally, was exactly twenty-five percent less than the amount on the date of the dissolution.

**3.** All references to statutes are to RSMo 2000, unless otherwise specified.

use to her, as there were scarce opportunities in that field in the Kennett area. The closest potential job was one hour away and did not pay as much as she was earning, especially when Wife's retirement and paid health insurance are considered. Furthermore, Wife was not awarded income-producing property. As noted above, this was a long-term marriage.

Husband bases his challenge to both the award of maintenance and the amount of maintenance on what he considers to be excessive expenses by Wife[4] and the failure of Wife to obtain more lucrative employment. Wife worked at her present job for the past five years of the marriage; she left lucrative employment at the request of Husband to relocate in the Kennett area. Furthermore, the parties are the parents of a teenager, who resides in the home. Husband works four twelve-hour shifts, whereas Wife's job allows her to be home after school. We find no abuse of discretion in both the award of maintenance and the amount of maintenance. Points II and III are denied.

The judgment is affirmed.

PARRISH and SCOTT, JJ., concur.

---

4. For instance, Husband complains about Wife's food expenses as more than his listed expenses. We note that Husband's expenses in other categories were higher than Wife's. The trial court heard the evidence and resolved the issue of Wife's necessary expenses.