Barbara K. MAXWELL, Respondent,

v.

Curtis Lane MAXWELL, Appellant.

No. 27985.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 16, 2007.

John J. Podleski, Crandall & Podleski, Joplin, for Appellant.

Wm. G. McCaffree, McCaffree, Landoll & Slaby, Nevada, for Respondent.

DANIEL E. SCOTT, Judge.

This is an appeal of a maintenance award. Appellant ("Husband") and Respondent ("Wife") were married 25 years. The marriage was dissolved in 2006 after Husband took up with another woman. The parties' teenage daughter ("Daughter") now lives with her mother. In 2005, Husband earned $63,569 working for the local utility and part-time on a farm, while Wife made $23,070 as a cleaning lady. The trial court found that Wife lacked sufficient property to provide for her reasonable needs and could not support herself through appropriate employment.

The court ordered Husband to pay $400 monthly maintenance, which Husband challenges as his sole claim on appeal.

## General Legal Principles

We will affirm the trial court's decision unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Owens v. Owens*, 219 S.W.3d 867, 870 (Mo.App. S.D.2007). A trial court has broad discretion in deciding whether or not to award maintenance. *Id.; Youngberg v. Youngberg*, 194 S.W.3d 886, 893 (Mo.App. S.D.2006). Thus, we review maintenance awards for abuse of discretion, and require Husband to prove such abuse. *In re Marriage of York*, 185 S.W.3d 794, 797 (Mo.App. S.D.2006). This means Husband must show the award is so arbitrary, unreasonable, and clearly against the logic of the circumstances that it shocks the sense of justice and shows a lack of careful consideration. *Id.* If reasonable minds can differ about the propriety of the court's action, the court did not abuse its discretion. *Id.*

Neither party requested specific findings, so we treat all fact issues as having been found in accordance with the result. Rule 73.01(c).[1] We also defer to the trial court's ability to evaluate witness credibility and its freedom to believe or disbelieve all, part, or none of any witness's testimony. *Marriage of York*, 185 S.W.3d at 797, 799–800. Thus, we view the record most favorably to the award, disregarding contrary evidence and deferring to the trial court even if the evidence could support a different conclusion. *Youngberg*, 194 S.W.3d at 893.

The award of maintenance is a two-step process under Section 452.335.[2] *Henbest v. Henbest*, 164 S.W.3d 198, 200–01 (Mo.App. S.D.2005). First is the *need* for maintenance. The trial court must find that a spouse seeking maintenance lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs, and is unable to support herself through appropriate employment. *Id.* at 200; Section 452.335.1. Thus, the court must determine the spouse's reasonable needs and that she cannot meet them through use of property[3] or appropriate employment. *Buchholz v. Buchholz*, 166 S.W.3d 146, 157 (Mo.App. S.D.2005). Second is the *amount* of maintenance based on "all relevant factors," including nine statutorily-defined considerations. Section 452.335.2. One is the other spouse's ability to pay. Section 452.335.2(8). If and when both steps are satisfied, maintenance can be awarded "in such amounts and for such periods of time as the court deems just." Section 452.335.2.; *Henbest*, 164 S.W.3d at 201.

Husband contends the evidence was insufficient to support the maintenance award for three reasons. He claims Wife's expenses were inflated and included expenses of the minor child. He also claims Wife did not prove an inability "to support herself through appropriate employment" since she currently cleans houses only 30 hours per week. Finally, he says Wife did not show he could pay $400 per month since she proved only his income, not his expenses.

---

1. All references to rules are to Missouri Rules of Civil Procedure (2007) unless otherwise noted.

2. All references to statutes are to RSMo (2000) unless otherwise noted.

3. That said, a spouse is not required to consume her marital property before she is entitled to receive maintenance. *In re Marriage of Chorum*, 959 S.W.2d 900, 907 (Mo.App. S.D.1997); *In re Marriage of Torix*, 863 S.W.2d 935, 939 (Mo.App. S.D.1993).

### Inflated and Commingled Expenses

Review of this claim is complicated by Wife's admitted error in presenting her expense evidence at trial. Her income and expense statement included some of Daughter's expenses, which should not be included in a maintenance calculation. *Buchholz*, 166 S.W.3d at 157–58. Yet this (and virtually all other) evidence was admitted without objection, and there was no Rule 73.01 request for findings. Thus, we must favorably view the evidence and inferences to see if the trial court could reasonably believe Wife needed $400 monthly maintenance.[4] Given Wife's $1,922 monthly income, could the trial court find Wife's monthly expenses were $2,322 or more ($2,322 - $1,922 = $400)?

Wife's trial evidence showed $3,371 monthly expense, resulting in a $1,449 monthly shortfall ($3,371 - $1,922 = $1,449). On appeal, the parties apparently agree that nine of Wife's expense items totaling $223 were exclusively Daughter's, and the $325 grocery expense should be deemed ½ Wife's and ½ Daughter's. These adjustments reduce Wife's monthly shortfall to $1,063 ($1,449 - ($223 + $163) = $1,063).

Husband attacks the remaining $1,063 shortfall in two different ways. He would disregard three expenses totaling $338 (recreation, dining out, and ticketed school activities) because he claims they were solely Daughter's. He claims four other expenses (transportation, health insurance deductible, dental, and miscellaneous) were inflated, and should be reduced from $922 total to about $250. Husband's adjustments would reduce Wife's monthly shortfall to slightly under $50.

In their briefs and orally, the parties made detailed arguments about the seven expenses challenged by Husband. After carefully examining the parties' arguments and trial evidence, we have concluded that we need not recount such detail to resolve the point. Viewing the evidence favorably to the result, the three expenses totaling $338 were for both Daughter and Wife, with just 25% of the $108 school activities expense attributable to Daughter. The $922 of expenses Husband calls "inflated" was admitted without objection and its weight was for the trial court to determine. As Wife's brief shows, if these expenses are significantly reduced for purposes of argument, the monthly shortfall still exceeds $400. Resolving all factual issues in accordance with the result, we cannot charge the trial court with error for determining Wife's reasonable need for maintenance or the amount thereof.

### Appropriate Employment

Husband claims Wife did not prove a Section 452.335.1 inability to support herself through appropriate employment because she currently cleans houses only 30 hours per week. Husband claims Wife could work more hours.

The trial court specifically questioned Wife on this issue at the dissolution hearing. The evidence developed by the court's inquiry showed that Wife's main client used her "Monday through Friday as needed;" *i.e.*, every day but differing hours averaging five hours daily. Wife worked five additional hours on Friday nights, cleaning a law office and at the city parks department. She made $11.00 per hour for all work.

Although Wife worked throughout the marriage, her work history showed no spe-

---

4. This court in *Buchholz* sorted out similarly commingled expenses, finding sufficient evidence of a need for maintenance, but inade-quate proof for the amount awarded, and remanded for further proceedings. 166 S.W.3d at 158.

cial skills. She previously worked as a nanny, in a restaurant, and at a shoe factory. She was a self-employed cleaning lady the last seven years of marriage. Her $11.00 hourly rate was then roughly double the minimum wage. She got her business by word of mouth and never turned down a job. Husband did not request that income be imputed to her. There was no evidence of any 40–hour jobs available to Wife that would net her more than she was then earning. Viewing the evidence favorably to the judgment and resolving all factual issues in accordance with the result, we cannot say the trial court erred in finding that Wife could not support herself through appropriate employment.

### Husband's Ability to Pay

As we discern this claim, Husband does not contend that he *cannot* pay $400 monthly, only that Wife has not shown that he *can.* Indeed, at oral argument, Husband agreed there was no evidence that he could not pay $400 monthly maintenance, but argued there also was no evidence that he could. Although his income was proven, Husband claims Wife failed to prove his expenses as well.

Husband's statement of property showed no debts. Wife testified that the parties owed nothing to anyone except the mortgage on the marital home awarded to Husband. Husband testified that he and Wife kept separate checking accounts and finances for the last 15 years of marriage. Wife paid, from her earnings, only for groceries and the "land-line" telephone bill. Husband paid all other expenses from his earnings alone, including the $913 monthly mortgage, insurance, repairs, auto purchases, utilities, and cell phones. After the parties separated, Husband kept paying these expenses and more for Wife and Daughter while they remained in the marital home. Husband had living expenses of his own at the same time. Husband did not complain at trial that he could not bear such expenses, and has not so suggested on appeal.

Such evidence suggests an ability to pay, and Husband has candidly admitted there is no evidence otherwise. Viewing all evidence and resolving all fact issues in favor of the award, there is sufficient evidence for the trial court's implicit finding that Husband can pay $400 monthly. Moreover, ability to pay is just one factor relevant to the amount of maintenance. Section 452.335.2. Evidence of other statutory factors (*e.g.,* Husband's infidelity, a 25–year marriage, Wife's lack of property and need to relocate), coupled with the foregoing evidence, indicates Husband has not proven an abuse of trial court discretion in setting the amount of maintenance at $400 per month.

### Conclusion

Resolving all factual issues in accordance with the result reached, we find there is sufficient evidence to support the trial court's determination that Wife lacks sufficient property to provide for her reasonable needs and is unable to support herself by appropriate employment, and its implicit finding of Husband's ability to pay the maintenance award. *See Marriage of York,* 185 S.W.3d at 800. The judgment is affirmed.

Parrish, P.J. and BATES, J., concur.