Stanley T. BUSSEN, Sr., Appellant,

v.

Joan E. BUSSEN, Respondent.

No. SD 28917.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 2, 2008.

Devin S. Kirby, The Kirby Law Firm, PC, Doniphan, for Appellant.

Benjamin E. Thompson, Hackworth, Hackworth & Ferguson, LLC, Piedmont, for Respondent.

DANIEL E. SCOTT, Presiding Judge.

■ Appellant (Husband) petitioned for and obtained a dissolution of his 11-year marriage with Respondent (Wife), and now appeals on three grounds. Our principles of review are well-established. We will affirm the judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or misapplies or erroneously declares the law. Husband, as appellant, has the burden of demonstrating error. We view the record in favor of the trial court's decisions, and defer to its credibility determinations, since it may believe or disbelieve all, part, or none of any witness testimony. *See In re Marriage of Wood,* 262 S.W.3d 267, 270 (Mo.App.2008).

### Sale of Marital Home

■ The primary marital asset was a $190,000 [1] debt-free residence, which the trial court ordered to be sold and the proceeds divided. More specifically, after ordering that the property "shall be sold," the judgment then vests title thereto in Wife;[2] directs her to maintain the property and pay the taxes and insurance, and allows Husband to do so if she defaults; and requires the property to "be listed for sale." Wife will receive the first $25,000 of net sale proceeds; then any tax, insurance, and maintenance expenditures by Husband will be reimbursed; and the remaining balance will be split equally. If Wife refuses a bona fide offer, Husband may seek a court order compelling such sale.

Husband complains there is no deadline to complete the sale, and no adequate incentive for Wife to do so, since she has legal title and rent-free possession of the property.[3] Husband claims there is no assurance the home will be sold or any proceeds generated in any timely fashion, or perhaps ever.

1. The judgment so valued the home, and neither party challenges that figure.

2. We presume the court did this, in part, to avoid the oft-debated issue of leaving property vested jointly in the parties after dissolution. *See Thomas v. Thomas,* 76 S.W.3d 295, 303 n. 4 (Mo.App.2002)(collecting and discussing cases).

3. Husband also claims Wife is not compelled to notify him of offers she receives, rendering hollow his right to file a motion to compel sale.

Of the few cases offering us any insight, *Thomas* (see note 2) is the most similar. There, the Western District addressed the husband's complaint that there was no deadline to sell the marital home, and the wife's limited incentive to cooperate in any sale, as follows (76 S.W.3d at 304):

> [T]he judgment is silent as to when or how the property shall be sold. Thus, the portion of the trial court's judgment ordering the sale of the marital residence at an undefined time is remanded for clarification. *See Knigge v. Knigge,* 903 S.W.2d 225, 227 (Mo.App. E.D.1995). The trial court is directed to designate a time period for the sale of the marital home and any other relevant conditions that the trial court deems appropriate.

Wife has not convinced us that the *Thomas* court erred, or that this case should be treated differently. Thus, as in *Thomas,* we will reverse and remand for clarification that portion of the judgment ordering the sale of the marital residence, and direct the trial court to designate a time period for sale and other appropriate conditions, if any, not inconsistent with this opinion.

### Maintenance

■ The trial court awarded Wife $1,200 monthly maintenance, concluding in part that she cannot support herself through appropriate employment "due to her disability." Husband argues there was no substantial evidence for this finding, and that "despite her disability," Wife had various jobs during the marriage and for a time after their final separation.

■ The trial court had broad discretion in awarding maintenance. Thus, we

review for abuse of discretion and require Husband to prove such abuse; *i.e.,* the award is so arbitrary, unreasonable, and clearly against the logic of the circumstances that it shocks the sense of justice and shows a lack of careful consideration. If reasonable minds can differ, the court did not abuse its discretion. Since the trial court was better positioned to assess witness credibility, and free to believe or disbelieve all or any part of the testimony, we view the record most favorably to the award, disregarding contrary evidence and deferring to the trial court even if the evidence could support a different conclusion. *See Maxwell v. Maxwell,* 235 S.W.3d 81, 83 (Mo.App.2007). Moreover, neither party requested specific findings, so we treat all fact issues as if found in accordance with the result. *Id.* (citing Rule 73.01(c)).

Since 1998, Wife has been on social security disability under an award[4] allowing her to earn up to $800 monthly without a reduction of benefits. She thus cleaned a few houses and occasionally worked part-time at a bar and restaurant during the marriage, including a few months after the parties' last separation in September 2005, but she has not worked since undergoing disc surgery in 2006.

Viewing the record as we must, Wife had only an eighth-grade education; lacked transferable employment skills; and suffered from multiple maladies (back pain, episodic depression, agoraphobia, panic disorder) and other "severe" impairments that limited her ability to stand, walk, or to perform more than simple, routine tasks with little social contact; thus "significantly" impeding her ability to perform even sedentary work. She had

---

4. Husband correctly argues that Wife's social security disability determination did not bind the trial court. *Pemberton v. Pemberton,* 756 S.W.2d 660, 663 (Mo.App.1988). But the court could consider it, and give it such weight and consideration as it saw fit, since it was received in evidence without objection.

four ruptured disks, chronic bowel syndrome, arthritis, osteoporosis, ulcers, headaches, and medication reactions that made it hard for her to work. Given such evidence and Wife's social security disability determination, the maintenance award is not "so arbitrary, unreasonable, and clearly against the logic of the circumstances that it shocks the sense of justice and shows a lack of careful consideration." *Maxwell*, 235 S.W.3d at 83. Thus, the trial court did not abuse its discretion. Point denied.

## Attorney Fees

■■■■ Husband also challenges Wife's $7,000 attorney fee award. The trial judge was authorized to award attorney fees after considering all relevant factors, including the financial resources of both parties, the merits of the case, and the parties' actions during the pendency of the case. Section 452.355.1 RSMo (2000). The trial court had broad discretion, and we presume its award is correct. Husband's burden, as in Point II, is to show the award is clearly against the logic of the circumstances and so arbitrary and unreasonable so as to shock one's sense of justice. *See In re Marriage of Taylor*, 244 S.W.3d 804, 813 (Mo.App.2008).

Husband calls the award "inequitable," citing a $20,000 certificate of deposit, jointly titled in names of Wife and her adult children (from a prior marriage), that was cashed and the proceeds given to Wife's daughter a week before trial. Although Husband claims Wife's explanation is "unsupported,"[5] the trial court apparently credited it, as our standard of review compels us to do.

Moreover, the record shows significant disparity in financial resources, especially monthly income. Neither party was employed at the time of trial, but Husband's monthly retirement benefits exceeded $4,400,[6] while Wife's monthly disability payment was only $447. Again, Wife has not worked since 2006 and is unlikely to gain meaningful employment given her physical infirmities and limited skills and education. Viewing such evidence most favorably to the judgment, Husband has not shown the trial court abused its discretion in ordering him to pay Wife's attorney fees.[7]

## Conclusion

We reverse and remand for clarification that part of the judgment ordering the sale of the marital home at an undefined time, and direct the trial court to enter an amended judgment designating a time period for such sale and other appropriate conditions, if any, not inconsistent with this opinion. The judgment is affirmed in all other respects.

BARNEY and BATES, JJ., Concur.

---

5. Wife testified that the money always belonged to her daughter. Wife and her ex-husband each gave their daughter $8,000 ($16,000 total) to buy a house trailer. When the daughter later sold the trailer for $20,000, "[h]er dad made her give the money back to me to put in a CD for her, because she was married to a drug abuser. Or drug—He's now in prison." Wife testified that the CD was cashed because her daughter needed the money for herself and her three young children.

6. This figure excludes another $500 monthly benefit available to Husband, but which he has elected to defer until age 65.

7. Thus, we need not address Wife's evidence of Husband's behavior during the pendency of the case, which she cites as a further basis to support the award.